OSCAR L. GUBELMAN and Others, Plaintiffs, *v.* PANAMA RAILROAD COMPANY and UNITED FRUIT COMPANY, Defendants.

First Department, May 28, 1920.

Bills of lading — when bill non-negotiable under Uniform Bills of Lading Act (Pers. Prop. Law, § 187 et seq.) — non-negotiable bill not made negotiable by authorizing delivery to assignee of consignee — rights of assignee of non-negotiable bill — delivery of goods by carrier without notice that non-negotiable bill of lading had been assigned — effect of failure to mark non-negotiable bill — when assignee acquires no rights against carrier — Federal Bills of Lading Act not applicable — State statute controlling in absence of Federal legislation.

Under the Uniform Bills of Lading Act (Pers. Prop. Law, § 187 *et seq.*), a non-negotiable bill of lading is one in which it is stated that the goods are consigned or destined to a specified person, while in order to be negotiable the bill must state that the goods are consigned or destined " to the order " of a person named therein.

Hence, a bill of lading issued by a carrier of goods to be transported to Ancon, Canal Zone, which merely states that the consignee is the " Ford Motor Agency, Ancon, C. Z., or assigns," is non-negotiable, for the addition of the words " or assigns " does not change the non-negotiable character of the bill.

Such non-negotiable bill may be assigned or transferred by delivery and the transferee acquires against the transferor the title to the goods subject to the terms of any agreement between them. But as against the carrier the transferee acquires the right to notify it of the transfer of the bill and thereby secure to himself the rights that the transferor had immediately before such notification. Until notification the transferee acquires no right against the carrier.

Hence, although the bill of lading aforesaid was delivered to the plaintiffs, who advanced the purchase price of the goods, the purpose being that the consignee would take up the bill and repay said sum at the place of delivery, the plaintiffs acquired no right against the carrier or a connecting carrier where no notice of the assignment of the bill was given to either of the carriers until after the goods had been delivered by them to the consignee, which the carrier had a right to do without taking up the bill of lading, in the absence of notice of the assignment.

The failure of a carrier issuing a non-negotiable bill to mark it " non-negotiable " or " not negotiable," as required by section 194 of the Personal Property Law, does not change the character of the bill and render it negotiable, but under section 236 makes the person who, with intent to defraud, issues or aids in the issuing of such a bill guilty of a crime.

While the Federal statutes would govern a shipment of goods from this State through a foreign country to the Canal Zone, where Congress has not legislated on such commerce the State has power to regulate the operation and effect of a contract for such shipment.

The transaction aforesaid is not governed by the Federal Bills of Lading Act as it did not take effect before the bill was issued and said statute expressly provides that it shall not apply to bills made and delivered prior to the taking effect thereof.

As there is no Federal legislation governing this case the State statute is controlling.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*George T. Hogg* of counsel [*Davies, Auerbach & Cornell,* attorneys], for the plaintiffs.

*Richard Reid Rogers,* for the defendant Panama Railroad Company.

*Cletus Keating* of counsel [*Vernon S. Jones* with him on the brief; *Kirlin, Woolsey, Campbell, Hickox & Keating,* attorneys], for the defendant United Fruit Company.

PAGE, J.:

On July 31, 1916, the Ford Motor Company delivered to the United Fruit Company three automobiles, in the city of

New York, for shipment to Ancon, Canal Zone. The United Fruit Company issued and delivered to the shipper a bill of lading, in which it was stated that the consignee was the " Ford Motor Agency, Ancon, C. Z., or assigns." The automobiles were delivered by the United Fruit Company to the Panama Railroad Company and by the latter delivered to the consignee at Ancon on August 31, 1917, without taking up the bill of lading. Upon obtaining the bill of lading, the Ford Motor Company, pursuant to an arrangement with the plaintiffs Knauth, Nachod & Kuhne and the Ford Motor Agency, delivered the bill of lading to the plaintiffs and received against the same the sum of $1,279.54, the purpose being that the Ford Motor Agency would take up the bill of lading and pay the said sum to the plaintiffs through the Continental Banking and Trust Company at Panama. The bill of lading was not indorsed by the Ford Motor Company nor by the Ford Motor Agency, and no notice of the delivery thereof was given to either of the carriers until after the goods had been delivered to the consignee.

The plaintiffs claim that the defendants, by delivering the automobiles to the consignee without the surrender of the bill of lading, became liable to them for the amount they had advanced. The crucial question is whether the bill of lading was negotiable, and a preliminary question is, by the law of what jurisdiction is the first question to be determined? The bill of lading provides that it " shall be construed and the rights of the parties thereunder determined according to the law of the Commonwealth of Massachusetts subject to any laws of the United States inconsistent therewith."

The contract of shipment was made and the bill of lading issued in the State of New York and shipment was made from the port of New York. If there was a conflict of the laws applicable to this subject in the two jurisdictions it would be necessary for us to determine which law should be applied. By amendment to the agreed statement of facts, it appears that both States prior to the delivery of the bill of lading had passed the Uniform Bills of Lading Act. (See Mass. Acts of 1910, chap. 214.) Hence we will consider the Bills of Lading Act of New York as applicable. (Pers. Prop. Law, § 187 *et seq.*, as added by Laws of 1911, chap. 248.)

By section 190 a non-negotiable or straight bill is defined as " a bill in which it is stated that the goods are consigned or destined to a specified person." A negotiable or order bill is defined by section 191 as " A bill in which it is stated that the goods are consigned or destined to the order of any per-·son named in such bill. * * * Any provision in such a bill that it is non-negotiable shall not affect its negotiability within the meaning of this act."

The bill of lading under consideration did not state that the goods were consigned to the order of any person, but it stated that the goods were consigned to a specified person, the " Ford Motor Agency." The addition of the words " or assigns " does not add anything which would change or qualify the effect of the specific designation of the consignee. Non-negotiable bills may be assigned or transferred by delivery, and the transferee acquires against the transferor the title to the goods subject to the terms of any agreement between them. But as against the carrier, the transferee acquires the right to notify the carrier of the transfer of the bill and thereby secure to himself the rights that the transferor had immediately before such notification. (Pers. Prop. Law, § 219.) Until notification the transferee acquires no right against the carrier. This bill of lading was a non-negotiable or straight bill of lading. The carrier was justified in delivering the goods to the consignee named in the bill of lading (Id. § 198, subd. b) as it had not received a notification that such delivery should not be made until the advance made by plaintiff had been paid. (Id. § 199.) The statute requires a non-negotiable bill to be marked on its face by the carrier issuing it " non-negotiable " or " not negotiable." (Id. § 194.) The failure to so mark a non-negotiable bill does not change its character and render it negotiable but makes the person who with intent to defraud issues or aids in the issuing of such a bill guilty of a crime. (Id. § 236.)

The agreed statement of facts does not show ·that the plaintiffs were misled by the absence of these words upon the face of the bill of lading into believing that the bill was a negotiable bill of lading. A negotiable bill can only be effectively transferred by indorsement. (Pers. Prop. Law, §§ 214, 215, 220.) The plaintiffs have never required the

transferor to indorse the bill.  This not being an intrastate shipment, but a shipment from this State to the Canal Zone and for some part of the shipment through a foreign country, the statutes of the United States, if there were any covering the subject, would supersede the State statute.  Where Congress has not legislated, however, the State has power to regulate the operation and effect of a contract for an interstate shipment " growing out of the territorial jurisdiction of the State over such carriers and its duty and power to safeguard the general public against acts of misfeasance and nonfeasance committed within its limits, although interstate commerce may be indirectly affected." (*Adams Express Co.* v. *Croninger,* 226 U. S. 491, 500.)  The Federal Bills of Lading Act (39 U. S. Stat. at Large, 538, chap. 415) did not take effect until January 1, 1917, and expressly provides that it shall not apply to bills made and delivered prior to the taking effect thereof.  (See 39 U. S. Stat. at Large, 545, chap. 415, §§ 43, 45; U. S. Comp. Stat. 1916, §§ 8604v, 8604w.)  While the Carmack Amendment, as amended by the Cummins Amendment, dealt with the limitation of liability and certain other matters with respect to bills of lading, there is nothing therein, or in the Second Cummins Amendment which was enacted after the delivery of the bill of lading herein, with reference to the negotiability of such bills.  (See 34 U. S. Stat. at Large, 593, 595, § 7, amdg. 24 id. 386, § 20, as amd. by 38 id. 1196, 1197, chap. 176.  Since amd. by 39 U. S. Stat. at Large, 441, chap. 301.)  There is no statute of the United States governing this case; therefore, the State statute is controlling.  As the bill of lading in the present case is a nonnegotiable bill, and as the plaintiffs failed to give notice to the carrier of the transfer of the bill of lading to them to secure their advance, the carrier on demand of the consignee could deliver the automobiles to it, and plaintiffs have no claim against the defendants.

Judgment for the defendants, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment ordered for defendants, with costs.  Settle order on notice.