JULIUS GOLDSTEIN and ISRAEL GOLDSTEIN, Copartners, Trading under the Name and Style of AMERICAN ART NOVELTIES, Respondents, *v.* SOCIETA VENEZIANA PER L'INDUSTRIA DELLE CONTERIE, Defendant, Impleaded with BANCA COMMERCIALE ITALIANA, Appellant.

First Department, July 9, 1920.

Sales — Personal Property Law, sections 120 and 121, relating to attachment and creditors' remedies to reach negotiable documents, construed — when injunction granted in attachment action restraining negotiation of bills of lading — when attachment granted — when bill of lading non-negotiable — remedy of attaching creditor where transfer of title from debtor was fraudulent — injunction pendente lite.

Under sections 120 and 121 of the Personal Property Law, relating to attachment or levy upon goods for which a negotiable document has been issued and to creditors' remedies to reach negotiable documents, an injunction can be granted in an attachment action only where the document is negotiable and is owned by the debtor.

The aforesaid sections and sections 210 and 211 of the Personal Property Law, relating to bills of lading, and sections 110 and 111 of the General Business Law, relating to warehouse receipts, would seem to provide

for the attachment of goods, the property of the debtor, which had been delivered by the owner or by a person whose act in conveying the title to them in good faith would bind the owner to a carrier and a negotiable bill of lading issued, or to a warehouseman and a negotiable receipt issued; they cannot be attached by a creditor *whose debtor is the owner* of the negotiable bill of lading or warehouse receipt unless the negotiable document is delivered up or its negotiation enjoined.

Hence, a purchaser in an action against a foreign corporation for its failure to deliver goods equal to sample is not entitled to an injunction against one not a party to the action restraining it during the pendency of the action from negotiating or otherwise disposing of non-negotiable bills of lading of another shipment of goods.

A bill of lading which requires delivery of the goods to persons named or to their assigns which does not contain the words " order of " is non-negotiable.

Where the title to such property is in another than the debtor, but it is claimed that the transfer of the title from the debtor was void as fraudulent, there is open to the attaching creditor aid under the Code of Civil Procedure (§§ 655, 677–680), which provides a remedy in substitution for that of equitable attachment, but in such actions the person in whose possession the goods or the document of title is must be made a party and given an opportunity to be heard.

An injunction *pendente lite* may be issued in such actions, if necessary to secure the plaintiff's rights to the final relief.

APPEAL by Banca Commerciale Italiana from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of May, 1920, granting plaintiffs' motion for an injunction restraining the appellant, not a party to the action, from negotiating or otherwise disposing of certain bills of lading during the pendency of the action.

*Nathaniel S. Corwin,* for the appellant.

*Harry N. Wessel* of counsel [*Gilbert & Wessel,* attorneys], for the respondents.

PAGE, J.:

The defendant is a foreign corporation, organized and existing under the laws of the Kingdom of Italy, and having its place of business in Venice. In the month of January, 1920, at Venice, the defendant agreed to sell and deliver to the plaintiffs at the city of New York, a large quantity of glass beads, of the aggregate value and agreed price of $30,372.90. Said goods were alleged in the complaint herein to have been

sold by sample and that the defendant represented and warranted that said beads should be in all respects equal to sample and of sound merchantable quality, clean and free of all defects. It was agreed that the plaintiffs should pay for merchandise upon presentation to them at their place of business in New York city of a sight draft drawn upon them by the defendant with an invoice and bill of lading attached, and that plaintiffs should also pay freight charges, insurance premiums and customs dues. On or about March 3, 1920, defendant caused to be presented a sight draft for $34,158.20 with an invoice for said amount and a bill of lading attached. That invoice showed the beads sold as aforesaid to plaintiffs with additional property. The plaintiffs paid said draft and accepted said goods and paid the freight, insurance premiums and customs dues thereon. Upon examination the plaintiffs discovered that the beads did not correspond to the sample, and that the beads so delivered were worth $7,258.33 less than they would have been if in all respects as warranted and equal to the sample. By reason thereof the plaintiffs sued to recover the sum of $10,524.58. On March 8, 1920, there was presented by the New York agency of the Banca Commerciale Italiana to the plaintiffs a sight draft for $12,012.90 with invoice and bills of lading attached, drawn by the defendant for another shipment of merchandise. The plaintiffs refused to pay the draft or to accept the goods. The warrant of attachment issued in this action was served on the New York agency of the Banca Commerciale Italiana, and on the warehousemen with whom the goods were stored, by serving certified copies of the warrant with notices pursuant to section 649, subdivision 3, of the Code of Civil Procedure. An examination was had of the Banca Commerciale Italiana, New York agency, and the manager thereof testified that the drafts were not received by the Banca Commerciale Italiana for collection merely, but that the bills of lading attached thereto belonged to the said bank and that his claim was not based upon personal knowledge of the transaction, but upon the form of the draft, which showed that the drafts were either paid for in cash or discounted by the Venice branch of said bank.

The plaintiffs, upon affidavits and a copy of the testimony taken on such examination, applied for and have obtained an

injunction restraining the Banca Commerciale Italiana from negotiating or otherwise disposing of the bills of lading during the pendency of this action. For this novel injunction, granted in an action at law to recover money damages, restraining a person who is not a party to the action, the respondents rely upon sections 120 and 121 of the Personal Property Law.

" § 120. Attachment or levy upon goods for which a negotiable document has been issued. If goods are delivered to a bailee by the owner or by a person whose act in conveying the title to them to a purchaser in good faith for value would bind the owner and a negotiable document of title is issued for them they cannot thereafter, while in the possession of such bailee, be attached by garnishment or otherwise or be levied upon under an execution unless the document be first surrendered to the bailee or its negotiation enjoined. The bailee shall in no case be compelled to deliver up the actual possession of the goods until the document is surrendered to him or impounded by the court."

This section is a part of article 5 of the Personal Property Law which was added to the said law by chapter 571 of the Laws of 1911, and has become known as the Sales of Goods Act. It is substantially the act prepared by the Commissioners for the Promotion of Uniformity of Legislation in the United States. In the notes of the Commissioners we find the purpose. of this section thus stated: " If the mercantile theory of documents of title, such as bills of lading and warehouse receipts, were carried to its logical extent, no attachment of the goods represented by the document or levied upon them could be permitted while the negotiable document was outstanding. For the mercantile theory is founded upon the idea that a negotiable document of title represents the goods and may be safely dealt with on that assumption. For one and the same reason it is not admissible for the bailee to deliver the goods without taking up an outstanding negotiable receipt for them, and for the law to allow attachment or levy upon the goods, regardless of outstanding negotiable documents. * * * It was thought best in this draft not to take the extreme position that no attachment, garnishment or levy could be made on property for which a negotiable document was outstanding, but to

First Department, July, 1920.    [Vol. 193.

cover the essential practical point by making it a condition of the validity of such seizure that the negotiation of the document be enjoined or the document impounded. The following section expressly gives the court full power to aid, by injunction and otherwise, a creditor seeking to get at a negotiable document and the property covered thereby." (See 30 Am. Bar Assn. Rep. 368, 369; Bogert Sale of Goods in New York, 170, 171.)

Section 121 of the Personal Property Law reads as follows:

" § 121.  Creditors' remedies to reach negotiable documents.  A creditor whose debtor is the owner of a negotiable document of title shall be entitled to such aid from courts of appropriate jurisdiction by injunction and otherwise in attaching such document or in satisfying the claim by means thereof as is allowed at law or in equity in regard to property which cannot be readily attached or levied upon by ordinary legal process."

Of this section the Commissioners said: "As the right of legal garnishment of bailed property is limited by the preceding section, section 40 [Personal Property Law, § 121] gives the creditor such rights as are included under the heads of bills of equitable attachment or in aid of execution." (See 30 Am. Bar. Assn. Rep. 369; Bogert Sale of Goods in New York, 173.)

There are corresponding sections to be found in the Bills of Lading Act (Pers. Prop. Law, §§ 210, 211, as added by Laws of 1911, chap. 248) and the Warehouse Receipts Act (Gen. Business Law, §§ 110, 111).  The purpose of these sections, thus read together, would seem to be to provide for the attachment of goods, the property of the debtor, which had been delivered by the owner or by a person whose act in conveying the title to them to a purchaser in good faith for value would bind the owner, to a carrier and a negotiable bill of lading issued, or to a warehouseman and a negotiable receipt therefor issued, and such goods cannot be attached by a creditor *whose debtor is the owner* of the negotiable bill of lading, or warehouse receipt, unless the negotiable document is delivered up or its negotiation enjoined.  In the case under consideration neither of the pre-requisites to the granting of the injunction existed.  The debtor was not the owner of the bill of lading.  The evidence was that the Banca Commerciale Italiana was the owner

thereof. The bill of lading did not have the words " order of " thereon immediately before the name of the person upon whose order the goods received were deliverable. (Pers. Prop. Law, §§ 188, 191, as added by Laws of 1911, chap. 248.) The bill of lading herein read: " To be delivered * * * unto Messrs. J. D. Smith & Co., or to his or their assigns." It was, therefore, a non-negotiable bill. (Pers. Prop. Law, § 190, as added by Laws of 1911, chap. 248; *Gubelman* v. *Panama R. R. Co.,* 192 App. Div. 165.) It is only where the two facts exist that the document is negotiable and is owned by the debtor that an injunction can be granted in the attachment action. Where the title to the property is in another than the debtor, but it is claimed that the transfer of the title from the debtor was void as fraudulent, there is open to the attaching creditor aid from courts of appropriate jurisdiction by way of bills of equitable attachment.

In this State our Code of Civil Procedure (§§ 655, 677–680) provides a remedy, by the sheriff or the plaintiff, in substitution for that of equitable attachment, in which the right of an attaching creditor to maintain an action in equity in the nature of a judgment creditor's action is established, if special circumstances justifying such action are shown to exist. (*People ex rel. Cauffman* v. *Van Buren,* 136 N. Y. 252, 260; *Whitney* v. *Davis,* 148 id. 256, 260.) In these actions the person in whose possession the goods or the document is must be made a party, and given an opportunity to be heard. If it should appear that injunctive relief *pendente lite* was necessary to secure the plaintiff's rights to the final relief, such an injunction may be issued in such actions. (Code Civ. Proc. § 604.)

The plaintiffs have not shown themselves entitled to any of the relief specified in sections 120 and 121 of the Personal Property Law.

The order will, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.