ARTHUR H. LAMBORN and Others, Copartners, Doing Business under the Firm Name and Style of LAMBORN & COMPANY, Respondents, v. THE LAKE SHORE BANKING AND TRUST COMPANY, Appellant.

First Department, April 29, 1921.

**Banks and banking — failure to strictly observe terms and conditions of letter of credit is bar to action against bank thereon — bank issuing letter of credit has no concern with questions arising between seller and purchaser.**

A party entitled to draw against a letter of credit must strictly observe the terms and conditions under which the credit is to become available, and if he does not, and the bank refuses to honor his draft, he has no cause of action against the bank.

Hence, a bank is not liable on a letter of credit authorizing the drawing of drafts at a specified amount against bills of lading for " Java white granulated sugar " and providing that such bills of lading must be made out to the order of the bank and together with the invoice must accompany the drafts, where it appears that bills of lading, made out to the order of the plaintiff and indorsed in blank accompanying a draft drawn on such letter of credit for the full amount thereof " with exchange," describe the sugar as " Java white sugar," and that no copy of the invoice was sent to the bank.

Such a letter of credit constitutes the sole contract with the shipper, and the bank has no concern with any question which may arise between the seller and purchaser of the merchandise for the purchase price of which the letter of credit was issued.

APPEAL by the defendant, The Lake Shore Banking and Trust Company, appearing specially for the purpose of moving to vacate the warrant of attachment herein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of March, 1921, denying defendant's motion to vacate and set aside the said warrant of attachment.

*Nathan Ottinger* of counsel [*William L. Ransom* and *Robert E. Coulson* with him on the brief; *Whitman, Ottinger & Ransom,* attorneys], for the appellant.

*Louis O. Van Doren,* for the respondents.

SMITH, J.:

This action is brought upon a letter of credit. The letter of credit reads as follows:

" THE LAKE SHORE BANKING & TRUST CO.

" Cleveland

" Letter of Credit No. 102:

" $26,561.92.                    CLEVELAND, *May* 21*st*, 1920.

" LAMBORN & COMPANY,

" 132 Front Street,

" New York City:

" DEAR SIRS.— We hereby authorize you to value on the Royal Bank of Canada, New York City, for account of The Ohio Confection Company, Cleveland, Ohio, up to an aggregate amount of Twenty-six thousand five hundred sixty-one and ninety-two cents available by your drafts at sight against Bills of Lading for 550 bags Java White Granulated Sugar, 224 pounds to the bag, price 22c less 2% duty paid, f. o. b. cars Baltimore, Maryland. Landed Weights, August and September delivery from Java.

" Bills of Lading for such shipment must be made out to the order of The Lake Shore Banking & Trust Company of Cleveland and together with invoice, must accompany the drafts.

" The amount of each draft negotiated together with date of negotiation must be endorsed on back hereof.

" A duplicate of such Invoice, together with one copy of Bill of Lading must be sent by the bank or banker negotiating draft direct to The Lake Shore Banking & Trust Company of Cleveland, by mail, attaching to the draft a statement to this effect.

" Any draft drawn under this credit must state that it is ' drawn under Letter of Credit L. S. B. & T. No. 102 dated Cleveland, May 21st, 1920,' and must be advised to The Lake Shore Banking & Trust Company, Cleveland, Ohio.

" We hereby agree with bona fide holders that all drafts issued by virtue of this credit and in accordance with the above stipulated terms, shall meet with due honor upon presentation at the office of the Royal Bank of Canada, New

First Department, April, 1921. [Vol. 196

York City, if drawn and negotiated on or before November 15th, 1920.

" Yours respectfully,
" THE LAKE SHORE BANKING & TRUST CO."

Bills of lading were attached to the draft which described the sugar as 550 bags of " Java white sugar." No copy of the invoice was sent to the defendant and the draft drawn upon the defendant calls for the full amount thereof " with exchange." The authorities are uniform to the effect that this letter of credit constitutes the sole contract with the shipper and that the bank issuing the letter of credit has no concern with any question which may arise between the vendor and vendee of the merchandise for the purchase price for which the letter of credit was issued. (*Frey & Son, Inc.,* v. *Sherburne Co.,* 193 App. Div. 849; *American Steel Co.* v. *Irving National Bank,* 266 Fed. Rep. 41; *Bank of Montreal* v. *Recknagel,* 109 N. Y. 482.)

Under the terms of the letter of credit this draft could only be drawn against a bill of lading for Java white *granulated* sugar. The bill of lading attached to this draft, therefore, did not comply with the terms of the letter of credit, inasmuch as the sugar described therein was simply " Java white sugar." Affidavits are presented on the part of the plaintiff which tend to show that Java white granulated sugar was not only known in the market as Java white sugar, but was the only white sugar shipped from Java. These affidavits are to an extent contradicted upon this point by the affidavits of the defendant. But with this fact the defendant is not concerned. It is clear that the defendant is not under obligation to investigate and ascertain whether the contract between the vendor and vendee has been fulfilled. The only contract which the defendant has made was to honor the vendor's drafts as against the bill of lading for " Java white granulated sugar."

The letter of credit provided that the bills of lading for this shipment must be made out to the order of the Lake Shore Banking and Trust Company, whereas they were made out to the order of the plaintiff and indorsed in blank. If the bill of lading read to the order of the defendant, it could only be negotiated by the defendant's indorsement; having

been made out to the plaintiff's order, it could only be negotiated by plaintiff's indorsement, and, when indorsed in blank, could be negotiated by delivery (Pers. Prop. Law, §§ 214, 217, as added by Laws of 1911, chap. 248), and title to the goods would pass by such negotiation. (Pers. Prop. Law, § 218, as added by Laws of 1911, chap. 248.) Furthermore, while the goods were in possession of the carrier for which a bill of lading to the order of the plaintiff had been issued, there was the liability that the goods or the bill of lading might be attached by the plaintiff's creditors and the negotiation of the bill enjoined. (*Goldstein* v. *Societa Veneziana, etc.*, 193 App. Div. 168.) The requirement that the bills of lading must be made out to the order of the trust company was, therefore, an important condition of the letter of credit. Furthermore, the letter of credit was " up to an aggregate amount of $26,561.92." The draft was for the full amount " with exchange," thus calling for payment of an amount in excess of the credit. A party who is entitled to draw against a letter of credit must strictly observe the terms and conditions under which the credit is to become available, and if he does not, and the bank refuses to honor his draft, he has no cause of action against the bank.

The plaintiffs rely upon a clause in the opinion in *Bank of Montreal* v. *Recknagel* (*supra*), where it is said: " The agreement of the parties called for a particular statement in the bill of lading to accompany the drafts, and that statement, *or the existence of facts which would have* authorized it, is a condition precedent to defendants' responsibility to respond to plaintiff's demand." But that was a case where the bank had honored the letter of credit and was seeking to recover from the consignee moneys paid thereupon. In such a case if the bank has actually paid, in accordance with its contract with the consignee under which the bill was issued, a recovery might well be allowed even though the bill of lading did not specifically conform to the terms of the letter of credit which was the contract actually made with the consignor. In the case at bar the defendant stands upon its contract recited in the letter of credit and it would cause serious embarrassment to banks issuing such letters if such banks were required to pay upon bills of lading against which

the letter of credit was issued which did not conform to the bill of lading as required to be drawn accompanying the draft which the bank had promised to pay.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment granted, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.