HARRY ERIKSSON, Appellant, *v.* REFINERS EXPORT COMPANY, INC., Defendant.

CITIES SERVICE OIL COMPANY, Third Party Claimant, Respondent.

First Department, July 3, 1942.

*Forrest E. Single*, for the appellant.

*George H. Cohn* of counsel [*Martin D. Eile* with him on the brief], for the respondent.

TOWNLEY, J.   This action was brought by plaintiff, as assignee of the Swedish Marine Board, to recover damages for the breach of a contract involving the sale by defendant of a quantity of toluol, payment to be made against warehouse receipts.   The warehouse receipts were delivered by defendant and $176,182.45 was paid. Thereafter the toluol was seized by the government for army use and removed from the warehouse.   The defendant refused to return the amount paid against the warehouse receipts, though they were tendered.

The action was commenced by the attachment of a certain credit or the proceeds thereof in possession of the New York Trust Company, claimed to be the property of the defendant.   Cities Service Oil Company made claim to this property in the attachment proceeding.   This claim has been sustained, the levy made against the fund has been ordered vacated and the credit released.   The present appeal is from this order.

The funds or credit sought to be attached, some $240,000, represent the purchase price of a quantity of gasoline ordered under a separate contract between plaintiff's assignor and the defendant.

The determination of this question of title requires a somewhat detailed examination of the credit arrangements made to secure payment of the gasoline and the documents to be delivered in connection therewith.   The Cities Service Oil Company, which furnished the oil delivered under this contract, claims to be the owner of this fund as assignee of a letter of credit issued by the New York Trust Company to the defendant to secure payment of the purchase price, and as assignee of a draft drawn against this credit.   The substantial question presented is the validity of this attempted assignment.

The letter of credit issued in this transaction is a special confirmed irrevocable credit from the New York Trust Company to Refiners Export Company, Inc., Houston, Tex.   This credit is subject to draft accompanied by usual shipping documents and inspection certificate.   The letter provided that " the credit is subject to the Uniform Customs and Practice for Commercial Documentary Credits fixed by the Seventh Congress of the International Chamber of Commerce and certain guiding provisions in reference thereto."   In the general provisions of the Uniform Customs and Practice above referred to, it is provided (Art. 49): " A credit can only be transferred on the express authority of the principal."

The facts leading to this third party claim are as follows: Cities Service Oil Company, the claimant herein, on January 14, 1942, sold to Refiners Export Company, Inc., a large quantity of aviation gasoline. This sale was made on condition that the defendant should open a confirmed irrevocable letter of credit with a New York bank for the benefit of Cities Service Oil Company. This condition was never complied with. On February 26, 1942, the New York Trust Company issued its letter of credit in favor of the defendant as required by the terms of the contract between it and the Swedish Marine Board. On February twenty-seventh the broker in the sale informed the Cities Service Oil Company that such credit had been received by Refiners Export Company and that it was made out to themselves. It was stated that Refiners Export Company, Inc., was demanding immediate amendments to place the letter of credit at the disposal of the Cities Service Oil Company, the apparent purpose being to make this draft available to the Cities Service Oil Company in compliance with the terms of the sales agreement between defendant and it. The Swedish Marine Board refused to change the letter of credit to cover the claimant.

On March 11, 1942, Refiners Export Company, Inc., assigned this letter of credit to Cities Service Oil Company. On March 26, 1942, the president of Refiners Export Company also informed the New York Trust Company that the letter issued by it, and its proceeds, had been assigned to Cities Service Oil Company, and Refiners Export Company, Inc., handed therewith to the New York Trust Company its sight draft for $240,998.17 drawn on its own order and indorsed to the order of Cities Service Oil Company. On March 28, 1942, the Cities Service Oil Company wrote to the New York Trust Company referring to this sight draft, saying that they requested the bank to credit their general checking account with the proceeds of this draft immediately upon consummation of the transaction.

All of these attempted transfers were before any claim had accrued under the letter of credit. The shipping documents and accompanying draft were presented to the bank at about eleven-twenty A. M. on March 28, 1942. The papers, however, had to be checked. The sheriff arrived at noon while the documents were being checked and levied on the proceeds of the credit. There was a second levy after the checking had been finished.

It is conceded by the defendant and the claimant that this was a special letter of credit. Such a letter of credit is one addressed to a particular individual by name and is confined to him and gives no other person a right to act upon it. (*Union Bank* v. *Coster's Executors*, 3 N. Y. 203, 214; *Evansville Nat. Bank* v. *Kaufmann*, 93 id. 273.) The letter of credit itself not being subject to assign-

ment, the credit cannot be transferred by any assignment of a draft drawn against it.

The reason for this restriction upon the assignability of a special letter of credit is readily understandable. There are obvious advantages to a purchaser in having his financial arrangements limited so that they apply only as between himself and the person from whom he has elected to purchase. One of such advantages is the possibility of offsets arising in his favor, an apt illustration of which is presented here. While some hardship may be suffered by the claimant through the refusal to recognize this attempted assignment, any other rule would deprive the plaintiff of the very advantage he contracted for and which was plainly indicated both in the terms of this letter of credit and by the principal's refusal to change the beneficiary.

The various changes in the form of the attempted transfer of this credit clearly show that the parties were conscious of the restriction contained in the letter of credit and were seeking some way to avoid its consequences.

The purchaser's election to deal only with the person named in the letter of credit must be given effect. No question of *bona fide* purchasers arises here because the letter of credit is not negotiable in form and bears notice of its limitations on its face. If the draft and documents are presented by one other than the beneficiary, even though such person claims as assignee, he must be deemed to be the agent of the beneficiary and not the owner of the credit.

There seems to be no justification whatever for dealing with a letter of credit which forbids assignability in such a way that it is made assignable contrary to the intention of the original agreement. The parties can contract for the kind of letter of credit that they please, either special or general. If it is general, then any one satisfying the conditions of the letter may draw upon it. It seems clear, however, that the purpose of article 49 is to prevent a special letter of credit from becoming general merely by some form of transfer. We are constrained to hold, therefore, that Cities Service Oil Company acted at its peril in attempting to become assignee of the letter of credit.

Section 924 of the Civil Practice Act has been sufficiently complied with since there are no facts in issue but merely a question of law presented by the papers.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.