[Civ. No. 18609.   Second Dist., Div. Two.   Nov. 7, 1951.]

JOSHUA PINTEL, Appellant, v. K. N. H. MOHAMED & BROTHERS et al., Defendants; MERCANTILE BANK OF INDIA, LTD., Third Party Claimant and Respondent.

Samuel Reisman for Appellant.

O'Melveny & Myers, Ernest M. Clark, Jr., and James W. Beebe for Third Party Claimant and Respondent.

MOORE, P. J.—Appellant Pintel doing business as California Trading Company sued defendants, a partnership with domicile in Ceylon, herein referred to as Mohamed, for breach of contract. Ancillary to his action he caused the attachment of a certain check in the possession of the California Bank at Los Angeles. While it was in the custody of the sheriff, respondent, Mercantile Bank of India, filed a third party claim (Code Civ. Proc., § 689) to the check and the proceeds to be derived therefrom. Following a trial of the claim and delivery action, the court below determined respondent to be owner of the check and entitled to its possession. Plaintiff appeals from the judgment entered.

The controversy had its genesis in an irrevocable letter of credit issued April 23, 1949, by the Citizens National Trust & Savings Bank of Los Angeles. It was addressed to Mohamed in the distant island of Ceylon. Under its terms, Citizens Bank made available to the drafts of Mohamed the sum of $23,400 condition that the drafts be presented with certain documents including three sets of a bill of lading made out to the secretary of Citizens Bank. By the terms of the letter of credit, Citizens Bank agreed with the drawers, endorsers and bona fide holders of any drafts drawn thereunder that such instruments would be duly honored

ments would be honored on presentation to the bank on or before July 31, 1949.

On May 27, 1949, Mohamed drew their draft for $22,848 on Citizens Bank payable to the order of the Mercantile Bank of India, which draft, together with the documents designated by the letter of credit, was delivered to Mercantile Bank on June 8, 1949. At the time of presenting the draft to Mercantile Bank, there was existing an agreement between Mohamed and the Mercantile Bank whereby the former agreed to hold Mercantile Bank harmless and free from any loss or damage which the bank might sustain in consequence of negotiating bills drawn by Mohamed under letters of credit.

Upon receiving the draft, respondent bank credited the Mohamed account with its amount. On June 11 and 20 Mohamed withdrew a total of 82,000 rupees—a sum in excess of the draft. At that time, respondent had no knowledge of plaintiff's claim to the draft or the moneys payable thereon, and forwarded the Mohamed draft to the Bank of Montreal in San Francisco for collection. The latter forwarded it to the California Bank in Los Angeles—which institution presented it to the Citizens Bank for payment. It was promptly paid by a cashier's check. Immediately after the California Bank received this check appellant caused it to be attached (Code Civ. Proc., § 537) which was followed by the third party claim of Mercantile Bank and the judgment in its favor.

Reversal is urged upon the grounds that (1) Mercantile Bank could not have obtained title to the draft in question since the letter of credit required that the bills of lading be made payable to Citizens Bank; (2) the draft could not be separated from the terms of such letter of credit and bill of lading, and (3) therefore title to the draft could be acquired only by negotiation or transfer from Citizens Bank. Appellant thus argues that respondent could not be a holder of the draft in due course since it had knowledge of the entire transaction.

The determinative issue presented is whether, at the time of the attachment, Mohamed had any interest whatsoever in the check issued by Citizens Bank pursuant to the Mohamed draft, or did Mercantile Bank own such check. If the latter did, to the extent of its interest it must necessarily prevail over a subsequent attaching creditor of its transferor. This follows from the universal rule that an attaching creditor who seeks to subject his debtor's property to the payment of the debt obtains a lien only upon the title or interest actually owned

by the debtor at the time of the levy. (*Kinnison* v. *Guaranty Liquidating Corp.*, 18 Cal.2d 256, 259 [115 P.2d 450].)

█ With the issue thus resolved, the law of Ceylon is determinative of whether title had already passed to Mercantile Bank or whether any interest still remained in Mohamed. This follows from the doctrine that the validity and effect of a transfer of a negotiable instrument is determined by the law of the place where the instrument is at the time of its transfer. (Rest. Conflict of Laws, § 349.) Expert testimony established that under Ceylon's law respondent bank acquired title to the draft and thus to the proceeds derived therefrom. ██ The question of foreign law is one of fact (*Wickersham* v. *Johnston*, 104 Cal. 407, 411 [38 P. 89, 43 Am.St.Rep. 118]) and the trial court having accepted the witness' opinion, it follows that no attachable interest remained in Mohamed and appellant could obtain no lien upon the check. It could not be otherwise under the laws prevailing in the United States or under any rational hypothesis.

█ When Mohamed deposited their draft with Mercantile Bank, they were paid the full amount called for by the paper. They withdrew sums in excess of the amount of the draft. Such transaction vested Mercantile Bank with complete ownership of the paper. (*Burton* v. *United States*, 196 U.S. 283, 300 [25 S.Ct. 243, 49 L.Ed. 482]; *Cragie* v. *Hadley*, 99 N.Y. 131 [1 N.E. 537, 52 Am.Rep. 9]; 7 Am.Jur., p. 326, § 455.)

█ In California when an endorsed check is deposited and the bank in the ordinary course of business gives the depositor credit therefor, title to the check immediately passes to the bank. (*Newmark Grain Co.* v. *Merchants National Bank of Los Angeles*, 166 Cal. 203, 208 [135 P. 958]; *Plumas County Bank* v. *Bank of Rideout, Smith & Co.*, 165 Cal. 126, 136 [131 P. 360, 47 L.R.A.N.S. 552]; *Powell* v. *Bank of America*, 53 Cal.App.2d 458, 465 [128 P.2d 123].)

█ Appellant's argument that Mercantile Bank cannot be a holder in due course is beside the point. Upon payment to Mohamed of the full amount of the draft by Mercantile Bank, the latter became sole owner of such instrument. The question as to its status as holder in due course is only of concern when and if the drawee bank in an action by a holder were seeking to raise defenses available against the drawer.

In support of his demand for a reversal, appellant cites *Lamborn* v. *Lake Shore Banking & Trust Co.*, 196 App.Div. 504 [188 N.Y.S. 162]. That action was brought upon a letter of credit against the bank of its issuance. It was held that the

drawer of a draft pursuant to the letter of credit could not recover from the bank because the drawer had not strictly observed the terms and conditions under which the credit was made available. Such holding, though correct, is not applicable to the case at bar since Citizens Bank herein paid Mohamed's draft in compliance with its letter of credit. Neither does *Eriksson* v. *Refiners Export Co.*, 264 App.Div. 525 [35 N.Y.S.2d 829], alter the situation. The letter of credit therein involved was special in form, providing that the credit issued thereunder could not be transferred except with the express authority of the principal. No such limitation appears in the Citizens Bank's letter of credit. On the contrary, it appears to have been contemplated that title to the draft could be passed from Mohamed to others since the letter of credit agreed with drawers, endorsers and bona fide holders of drafts drawn pursuant to the bank's authority to honor such drafts on due presentment.

Judgment affirmed.

McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 3, 1952.