BANCO NACIONAL DE CREDITO
EJIDAL S. A.

v.

BANK OF AMERICA et al.

No. 28756.

United States District Court,
N. D. California, S. D.

Jan. 27, 1954.

See also D.C., 11 F.R.D. 497.

M. R. Ruiz, Los Angeles, Cal., for plaintiff.

Jefferson E. Peyser, San Francisco, Cal., for defendants T. Weisberg and Flotill Products, Inc.

G. Chadwick, Jr., San Francisco, Cal., for defendant Bank of America.

ROCHE, Chief Judge.

Defendant Tillie Weisberg, in the month of February, 1948, on behalf of Flotill Products, Inc. (co-defendant in this action) went on a trip to Mexico to investigate a source of canned pineapple for said corporation. The pineapple decided upon for purchase was growing in the State of Vera Cruz, Mexico, and was under the control of the plaintiff, a Mexican Agricultural Bank which had financed the pineapple growers.

Before a contract between the plaintiff bank and Mexican growers on one hand, and the Lone Star Mexican Corporation, the actual purchaser, on the other hand, was signed, a Nevada corporation, called the Tex-Mex Corporation, of which Tillie Weisberg was a major shareholder was organized for the purpose of holding shares in other corporations, Among its holdings was the majority shares in the Lone Star Mexican Corporation.

Plaintiff required as a part of the sales contract that a revolving letter of credit be issued for the benefit of said bank and the growers of pineapple in the amount of $60,000. Tillie Weisberg, acting as agent for the Lone Star Mexican Corporation, had the Bank of America issue the required letter of credit.

Defendant bank honored the drafts of the plaintiff bank up to the original amount stated in the letter of credit, $60,000 but refused to honor drafts above this amount.

The first count of the complaint is based directly upon the letter of credit. The plaintiff alleges that it was wrongfully led to rely on this letter, and seeks to fix liability on the Bank of America in the amount of $192,000 by reason of the bank's failure to either reinstate or revolve the credit originally established, or to honor the drafts as presented.

The plaintiff has failed to prove the allegations set forth in the first count of the complaint for it is clear from the testimony and documentary evidence presented that no notice of reinstatement as required by the provisions of the letter of credit[1] was ever given by the defendant bank to the plaintiff. It is well settled that the issuer of a letter of credit, which incorporates certain conditions upon which liability shall accrue is liable only when such conditions have been complied with. International Banking Corporation v. Irving National Bank, 2 Cir., 283 F. 103; Dixon, Irmaos & Cia, Ltda., v. Chase National Bank, 2 Cir., 144 F.2d 759; Crocker First National Bank v. De Sousa, 9 Cir., 27 F.2d 462.

The second and fourth counts seek to recover the amount of the unpaid drafts either from Flotill Products, Inc., as the undisclosed principal of Tillie Weisberg, or from Tillie Weisberg as principal and agent of the Lone Star Mexican Corporation, or from the Bank of America as a joint participant in a fraudulent scheme to induce the Mexican pineapple growers to export their pineapples without receiving payment for them.

The allegations of the second and fourth counts, with respect to the alleged fraudulent scheme of the defendants, are not supported by the evidence in the record, nor are they sufficient to constitute a cause of action sounding in fraud.

Tillie Weisberg acted as the agent of the Lone Star Mexican Corporation. The record and the evidence in the case reveals this fact by the documentary proof that Tillie Weisberg was appointed attorney in fact for said corporation. No evidence was presented by the plaintiff to refute this fact.

Flotill Products, Inc. is not revealed by the record to be the undisclosed prin-

[1] " * * * any amount drawn thereunder is to be reinstated for further drawings, only when we give notice to this effect, to the beneficiary, through Banco Nacional de Mexico, S. A."

cipal of Tillie Weisberg, but rather was merely under contract to act as sales agent for the canned pineapple.

As to the bank there is no showing in the record that the letter of credit with respect to notice of reinstatement was ever given. This, and the failure of proof that the bank acted fraudulently leaves the defendant bank free from further liability to plaintiff.

■ The third count, like the first, is directed solely against the defendant bank and is based on the theory that plaintiff is the third party beneficiary of a contract between the defendant bank and the purchaser of the letter of credit, the Lone Star Mexican Corporation. The allegations of the third count are not sustained by the evidence in the record as it seeks to hold the bank independently of the letter of credit, which clearly states the necessity for notice of reinstatement. See Footnote 1. The evidence presented dealing with the primary contract of purchase and sale are entirely immaterial in so far as the defendant bank is concerned, for it is well established that the letter of credit stands independently of the contract between the buyer and the seller of goods. American Steel Co. v. Irving National Bank, 2 Cir., 266 F. 41; Old Colony Trust Co. v. Lawyers' Title & Trust Co., 2 Cir., 297 F. 152; Lamborn v. Lake Shore Banking & Trust Co., 196 App.Div. 504, 188 N.Y. S. 162.

■ The evidence discloses that the defendant bank at no time during the term of the letter of credit was furnished with the cable advice[2] from their customs broker that the goods had passed the necessary inspection. The attempts made by the plaintiff to obtain his advice illustrates that it recognized the necessity of obtaining such advice. The lack of such advice alone, was sufficient justification for the defendant bank's refusal to reinstate. International Banking Corporation v. Irving National Bank, 2 Cir., 283 F. 103; Moss v. Old Colony Trust Co., 246 Mass. 139, 140 N.E. 803; Banco Nacional Ultramarino v. First National Bank, D.C., 289 F. 169.

After review of the entire record and evidence in this case the court finds no fraud has been proven against the defendants, nor has the Bank of America breached any legal obligation to the plaintiff.

It Is Ordered therefore that there be entered herein, upon findings of fact and conclusions of law, judgment in favor of the defendants and that the respective parties pay their own costs.

---

2. "Original documents must be forwarded by you to Custom Brokers at Border, with instructions that Custom Broker advise you and ourselves by cable, mentioning our credit No. 24124, when shipments have passed inspection by U. S. Pure Food & Drug Administration Authorities."