[Sac. No. 1155.   Department One.—August 15, 1905.]

W. I. WADLEIGH et al., Respondents, v. JOSEPHINE A. PHELPS, Executrix, etc., Appellant.

CHANGE OF VENUE—RESIDENCE—TIME OF DEMAND—WAIVER OF RIGHT.— A defendant who fails to demand a change of the place of trial to the county of his residence until after he has appeared and demurred thereby waives his right.

ID.—CONVENIENCE OF WITNESSES—CONFLICTING AFFIDAVITS.—Upon a motion to change the place of trial on the ground of convenience of witnesses, where the counter affidavits sufficiently controvert

all of the facts alleged in support of the motion, this court cannot reverse the ruling of the court below in denying the motion.

ID.—VERIFICATION OF AFFIDAVIT — OBJECTION UPON APPEAL — SUFFICIENCY.—An objection not urged in the superior court to the form of verification of a counter affidavit cannot be urged upon appeal for the first time. A verification stating that the affiant is personally familiar with the matters stated in the foregoing affidavit, and that said affidavit is true, sufficiently verifies the facts stated in the affidavit.

APPEAL from an order of the Superior Court of Nevada County refusing to change the place of trial. F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

George F. Witter, Jr., for Appellant.

C. W. Cross, for Respondents.

SHAW, J.—This is an appeal from an order denying the defendant's motion for a change of place of trial from Nevada County to San Mateo County. The action was begun in Nevada County, and the motion was made upon two grounds: 1. That Nevada County was not the proper county for the trial, because of the fact that the defendant resided in the county of San Mateo; and 2. That the convenience of witnesses would be promoted by a change of the place of trial to San Mateo County.

1. With reference to the first ground, the motion was properly denied because of the fact that it was made too late. The original complaint was filed February 8, 1902. A demurrer thereto was filed and served March 29, 1902. On May 7th an amended complaint was filed, and on May 29th a demurrer thereto was filed. On June 9th there was a substitution of attorneys for the defendant. Various motions were made thereafter, but no demand, notice, or affidavit for a change of place of trial was made until August 14, 1902. Where a party claims the right to a change of place of trial upon the ground that the county in which the action is begun is not the county of his residence, and fails to make the demand for a change until after he has appeared and demurred, he thereby waives his right. Such demand and application must be made

at the time of his first appearance, either by answer or demurrer. (*Cook* v. *Pendergast,* 61 Cal. 72.)

2. With respect to the second ground of the motion, it is sufficient to say that the counter affidavit filed on behalf of the plaintiffs sufficiently controverted all the facts relating to the convenience of witnesses, and was sufficient to justify the court below in concluding that the convenience of witnesses would not be promoted by the proposed change. Under these circumstances this court cannot reverse the ruling of the court below.

The defendant's contention that the counter affidavit filed on behalf of the plaintiffs is not properly verified is untenable for two reasons: 1. Because the record shows that the affidavit was read and considered by the court below, and that no objection to the form of the verification thereof was made to that court; and 2. Because, as matter of law, the verification is sufficient. Where it is claimed that an affidavit offered in opposition to a motion is not properly verified, the objection should be made in the court below. This is obvious from the general principle that a technical objection, which can be removed, if seasonably made, will not be considered where it is not made when it could be obviated, but is reserved until the proceedings have passed to a stage when the defect cannot be remedied. The affidavit in question was made by C. W. Cross, and the verification, omitting certain portions thereof not material to the question, was as follows: "C. W. Cross being first duly sworn, deposes and says that he is personally familiar with the matters stated in the foregoing affidavit and that said affidavit is true." This statement was signed by him and was duly sworn to before a notary public. This is a sufficient verification of the facts stated in the affidavit.

The order is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.