[Civ. No. 5534.   First Appellate District, Division Two.—November 29, 1926.]

B. J. BRUN, Respondent, v. J. A. EVANS et al., Appellants.

[1] APPEAL — JUDGMENT — PLACE OF TRIAL — ORDER DENYING — CONSIDERATION OF.—The merits of an order denying defendants' motion for a change of venue cannot be considered on an appeal from the judgment in favor of plaintiff, where no notice of appeal from the order itself was given within sixty days from

1.  See 25 Cal. Jur. 917.

the entry of the order, such order being one from which an appeal may be taken.

[2] LEASES—ACTION TO RECOVER SECURITY—TERMINATION OF LEASE—PLEADING—DENIAL OF APPLICATION TO FILE AMENDED ANSWER—DISCRETION.—In an action to recover a sum of money paid to the defendants by plaintiff as security for the performance of a lease, which was terminated by mutual agreement, the trial court properly exercised its discretion in refusing defendants' application to file an amended answer made about ninety days after the cause was fully tried and submitted to the trial court for decision, which proposed amendment was based upon some parol testimony offered by the defendants in contradiction of the express writings made at the time of the termination of the lease.

[3] ID.—AMENDMENTS — DISCRETION — APPEAL. — Motions for leave to file amended pleadings are primarily within the discretion of the trial court and its orders will not be disturbed unless such discretion is plainly abused.

[4] ID.—FORFEITURE—FINDINGS—JUDGMENT.—In such action, the failure of the trial court to find in accordance with the strict terms of the lease that the money was to be forfeited if any of the terms and conditions of the lease were broken was not prejudicial to defendants where a finding favorable to them could not have been made.

(1) 4 C. J., p. 680, n. 51, 52.   (2) 4 C. J., p. 799, n. 34; 31 Cyc., p. 368, n. 9.   (3) 4 C. J., p. 800, n. 42; 31 Cyc., p. 394, n. 45. (4) 4 C. J., p. 1059, n. 1, p. 1060, n. 12.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. E. Davis, L. E. Dadmun and Davis & Dadmun for Appellants.

Albert I. Loeb for Respondent.

NOURSE, J.—Plaintiff sued to recover the sum of $2,000 paid to the defendants as security for the performance of the covenants and conditions of a certain lease of real and per-

3.  See 21 Cal. Jur. 177.
4.  See 24 Cal. Jur. 944.

sonal property between the parties. Plaintiff had judgment for $1,555.56 and the defendants have appealed on a typewritten record.

The lease contained the condition that the sum of $2,000 was to be paid "as security for the performance of all the covenants and conditions herein contained . . . to be returned by said Lessors to said Lessee when the term of this lease shall have expired, but is to be forfeited should any of the terms or conditions of this lease be broken by the said lessee." The trial court found that the lease was terminated by mutual agreement and that at that time the plaintiff owed the defendants the sum of $444.44. This sum was deducted from the amount sued for and this accounts for the judgment as rendered. The points advanced by appellants will be treated in order.

[1] The order denying appellants' motion for a change of venue was based upon conflicting affidavits. Appellants insist that the motion should have been granted. The order is one from which an appeal may be taken (sec. 963, Code Civ. Proc.) provided notice thereof is given within sixty days from entry of the order (sec. 939, Code Civ. Proc.). This was not done and the merits of the order cannot be considered on this appeal from the judgment. (Sec. 956, Code Civ. Proc.; *Bohn* v. *Bohn*, 164 Cal. 532, 539 [129 Pac. 981].)

[2] About ninety days after the cause was fully tried and submitted to the trial court for decision the appellants asked leave to file an amended answer. The proposed amendment was based upon some parol testimony offered by the appellants in contradiction of the express writings made at the time of the termination of the lease. The trial court refused the application for leave to amend and this is assigned as error. [3] Motions of this nature are primarily within the discretion of the trial court and its orders will not be disturbed unless such discretion is plainly abused. (21 R. C. L. 572, 594.) We are satisfied that in this instance this discretion was properly exercised.

[4] The appellants complain that the trial court failed to find in accordance with the strict terms of the lease that the money was to be forfeited if any of the terms and conditions of the lease were broken. They point out that oral testimony was taken to show that certain conditions of the lease relating to the cutting of trees and the care of the linen and

other household effects were not complied with. This evidence was in direct conflict with their own written stipulations—express consent to the cutting of the trees having been given in writing and an express "O. K." having been given to the inventory on the return of all the personal property. Thus, though the finding may be technically incorrect, it is apparent that no prejudice resulted from it as appellants have not shown how a finding favorable to· them could have been made.

Other points do not require consideration.

Judgment affirmed.

Sturtevant, J., and Preston, P. J., *pro tem.*, concurred.