Appellate Department, Superior Court, San Diego.

[Civ. A. 104320.   August 12, 1941.]

E. E. ARGANBRIGHT, Respondent, v. O. L. GOOD et al.,
Appellants.

O. A. Thorpe and Dempster McKee for Appellants.

Liggett & Liggett for Respondent.

THE COURT.—In the instant case, an action by the assignee of a landlord having been filed against the assignee of a tenant to recover certain rental alleged to be due under a

lease, the tenant's assignee undertook to file a cross-complaint asking both for declaratory relief and for certain damages exceeding the amount within the jurisdiction of the municipal court. Thereupon the defendant moved that court, on the basis of his cross-complaint, to transfer the cause for trial to the superior court under the provisions of section 396 of the Code of Civil Procedure. The motion was denied.

■■ The defendant undertook to take an appeal from the order of denial. Authority for such appeal does not exist unless it can be said to result from subdivision 4 of section 983 of the Code of Civil Procedure authorizing an appeal from an order changing or refusing to change the place of trial. We are of the opinion that this section has no application. The terms "place of trial" and "venue" are ordinarily regarded as synonymous. (25 Cal. Jur. 851.)

It is laid down in 67 Corpus Juris, pp. 11 and 12, that: "The distinction between 'jurisdiction' and 'venue' has been said to be plainly established and has frequently been recognized. Jurisdiction connotes the power to decide a case on the merits, while venue connotes locality, the place where the suit should be heard."

In note 17, under "[a]" the text writer cites authority as follows: "Distinction stated.—(1) 'Jurisdiction implies or imports the power of the court, venue the place of action.' *Shaffer* v. *Bank,* 160 S. E. 481, 482, 201 N. C. 417. (2) 'By jurisdiction is meant the inherent power to decide a case, while venue designated the particular county or city in which a court having such jurisdiction may in the first instance properly hear and determine the case.' *Southern Sand & Gravel Co.* v. *Massaponax Sand & Gravel Co.,* 133 S. E. 812, 813, 145 Va. 317. (3) 'Jurisdiction is a term of comprehensive import. It concerns and defines the power of judicatories and courts. It embraces every kind of judicial action touching the subject of the action, suit, petition, complaint, indictment or other proceeding. It includes power to inquire into facts, to apply the law, to make decision and to declare judgment. . . . Venue in its modern and municipal sense relates to and defines the particular county or territorial area within the state or district in which the cause of prosecution must be brought or tried. It commonly has to do with geographical subdivisions, relates to practice or procedure, may be waived,

and does not refer to jurisdiction at all.' *Paige* v. *Sinclair,* 130 N. E. 177, 178, 237 Mass. 482.''

A late and succinct determination of the question appears in *State ex rel. Elsman* v. *Second Judicial District Court,* 52 Nev. 379 [287 Pac. 957], where it is, *inter alia,* said: ''It must be apparent to the most casual investigator that changes of venue relate solely to changes of the place of trial and *in no logical sense* to a mere change of judges. Therefore, in the true sense in which we are here compelled to consider the statute, the phrase 'place of trial' as used therein does not mean the judge or the court. 'It is a misnomer to speak of a proceeding to change the trial judge in a case as a change of venue, which means a change in the place of trial.' *State ex rel. McAllister* v. *Slate,* 278 Mo. 570, 214 S. W. 85, 8 A. L. R. 1226.''

The appeal is dismissed.