[Civ. No. 19845.   Second Dist., Div. Two.   Feb. 18, 1954.]

SAN FERNANDO VALLEY CHAMBER OF COMMERCE (a Corporation), Respondent, v. O. D. THOMAS, Appellant.

John Martell for Appellant.

George M. Pierson for Respondent.

MOORE, P. J.—Respondent agreed to loan appellant $10,000 to be secured by a trust deed upon certain real property in San Bernardino County. Five thousand of such sum was to be used to pay off an existing trust deed on the property, the balance to be expended for improvements on buildings and a well located on the property. Respondent advanced $5,179.58 to pay off the trust deed and $2,252.27 for materials and labor on improvements. Subsequently, respondent discovered that the buildings and the well were not located on the property described in the trust deed given by appellant but on a contiguous parcel of 1/64 section also owned by appellant. Respondent instituted the instant action in Los Angeles County for reformation of the trust deed to include the land on which the improvements were located and for

$1,000 damages. It alleged that appellant had represented that the land in question was included in the description contained in the trust deed.

After appellant's demurrer on the ground that the court did not have jurisdiction of the action had been overruled, appellant answered with the affirmative defense that respondent had refused to advance the full $10,000 and sought an order requiring it to pay the balance. After a trial of the factual issues, judgment was awarded to respondent in which it was ordered that the description in the deed of trust be changed as demanded by the complaint.

On appeal the argument is repeated that the superior court of Los Angeles County does not have jurisdiction over the subject matter of the action. ▮ A number of cases on the question of venue are cited but a motion for change of place of trial was never made, hence that question is foreclosed on appeal. (*Wadleigh* v. *Phelps*, 147 Cal. 541, 542 [82 P. 200].) Appellant contends that jurisdiction in the present action is controlled by that part of article VI, section 5 of the Constitution which reads: "all actions for the recovery of the possession of, quieting title to, or for the enforcement of liens upon real estate or any part thereof, shall be commenced in the County in which the real estate, or any part thereof, affected by such action, or actions, is situated. . . ." ▮ The present action is not for the purpose of obtaining possession of, or quieting title to property, or of enforcing a lien thereon. Hence, the quoted provision of article VI is not applicable. Such constitutional limitation on the jurisdiction of the court is to be strictly construed and its action is confined to those instances in which the complaint without reference to any pleading by defendant states a case coming within the actions enumerated. (*Cohen* v. *Hellman Bank*, 133 Cal. App. 758, 765 [24 P.2d 960].)

Appellant contends that respondent has waived its right to complain of the fraud of appellant and has ratified the trust deed as originally executed by reason of acts occurring subsequent to the filing of the present action but prior to the trial of same; namely, (1) respondent filed suit in San Bernardino County to foreclose the trust deed, and (2) respondent filed suit in San Bernardino County to foreclose a mechanic's lien against the property on which the well is located. Neither these facts nor any others which would tend to support a defense of waiver or ratification were pleaded in the answer or in any supplementary pleading; therefore

the defenses of waiver and ratification were not in issue at the trial. ■ A defense which is not pleaded cannot be considered, although shown by the evidence. ■ The rule as to curing defects by litigating a matter without objection applies only where the pleading is defective, and not where there is a total absence of averment. (*Wilson* v. *White*, 84 Cal. 239, 241 [24 P. 114] ; *Germo Manufacturing Co.* v. *McClellan*, 107 Cal.App. 532, 540, 546 [290 P. 534].) By this it is not meant to imply that the admission of the evidence in question over objection of counsel was correct, or that the evidence admitted established a valid defense.

■ Appellant assigns as error the failure of the court to order respondent to advance the remainder of the agreed $10,000. The court found that respondent had not refused to advance the balance. This finding is sufficient to support the judgment. Appellant does not attack the judgment as unsupported by the findings, nor the findings as unsupported by the evidence. In the absence of such attack, the presumption that findings of the trial court are based on sufficient substantial evidence is fatal to this ground of his appeal.

■ Appellant cites Code of Civil Procedure, section 726, which restricts a party to one action to recover a debt or enforce a right secured by mortgage, and contends that because of the foreclosure action filed in San Bernardino County (1) respondent "ought to be barred from foreclosing the trust deed as reformed," and (2) "the Superior Court of that County now has exclusive jurisdiction of the action." Since the present action is not for the purpose of foreclosing either the original or the reformed trust deed, the objections are not pertinent.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.