[Civ. No. 5104.  Fourth Dist.  Aug. 3, 1955.]

WILMA JANE FOX, Appellant v. CYRIL FOX, Respondent.

R. M. Switzler for Appellant.

John T. Holt and Henry F. Walker for Respondent.

BARNARD, P. J.—The plaintiff obtained a divorce from the defendant in the Superior Court of San Diego County on August 17, 1953. The interlocutory decree awarded the custody of the minor son of the parties to the plaintiff, subject to the right of the defendant to visit the child at reasonable times and to take said child with him for periods of reasonable visitation.

Immediately after the interlocutory decree was entered the plaintiff moved to Oakland, where she still resides. The defendant, who was an officer in the United States Navy and then stationed in Washington, D. C., sent a telegram to the plaintiff on February 15, 1954, saying he desired to have the boy spend his Easter-week vacation "with me in California." The plaintiff replied in a telegram saying that the boy's vacation was from April 10 to April 18, and asking further information as to where and with whom the boy would stay. The defendant replied by wire on February 18, 1954, saying that the boy would stay with him at an address in Los Angeles, and that he would pick the boy up on April 10.

The defendant took the boy with him on April 10, 1954. On April 19, 1954, he filed notice of a motion to modify the interlocutory decree by awarding the custody of the boy to him, on the grounds that there had been a complete change of circumstances since the interlocutory decree was entered; that the moral and mental welfare of the boy was being endangered because of the conduct of the plaintiff since that time; and that it was for the best interest of the child morally, physically and mentally, that custody be awarded to the defendant. An affidavit was also filed stating certain facts relied on. On April 22, 1954, the plaintiff filed a verified answer denying all the allegations in defendant's affidavit and alleging that the defendant is unfit to have the custody of the child by reason of his drinking habits, and that the defendant is devoid of integrity as evidenced by his deceit in getting possession of the boy by stating that the boy would stay with him in Los Angeles . On the same day, the plaintiff filed a motion for a change of venue from San Diego County to Alameda County, on the grounds of convenience of witnesses and that the ends of justice would be promoted thereby.

The two matters were heard on April 22, 1954. The court first denied the motion for a change of venue, and then proceeded to hear the motion for a change of custody. Several witnesses were heard, including the plaintiff, the man she intended to marry when her divorce became final, a friend from Oakland who testified as to conditions in the plaintiff's home, and the minor who was then 11 years old. Findings were waived by a stipulation made in open court. On April 27, 1954, the court entered an order modifying the interlocutory decree of divorce by awarding the custody and control of the boy to the defendant until the further order of the court. The plaintiff has appealed from that order.

The appellant first contends that the San Diego Superior Court had no jurisdiction to make this order. It is argued that jurisdiction of this matter was obtained by the fraud of the respondent in getting possession of the child on the statement that the boy would be kept in Los Angeles, instead of which the boy was brought to San Diego, and that, since the court was without jurisdiction, the order appealed from is void for all purposes.

The San Diego Superior Court had a continuing jurisdiction to modify its decree respecting the custody of this child. (Civ. Code, § 138; *Beal* v. *Beal*, 218 Cal. 755 [24 P.2d 768]; *Greene* v. *Superior Court*, 37 Cal.2d 307 [231 P.2d 821]; *Browne* v. *Superior Court*, 16 Cal.2d 593 [107 P.2d 1, 131 A.L.R. 276]; *Crider* v. *Crider*, 11 Cal.App.2d 594 [54 P.2d 485].) That court retained jurisdiction, in the absence of some valid order transferring the matter to another court. (*Cooney* v. *Cooney*, 25 Cal.2d 202 [153 P.2d 334].) The jurisdiction of the court did not depend upon the respondent's getting possession of the child. Moreover, it does not appear, as a matter of law, that the respondent was guilty of deceit in that connection. The record would justify an inference that his action in that regard resulted from information he obtained after his last telegram was sent.

It is next contended that the trial court erred in denying the appellant's motion for a change of venue. No appeal was taken from that order and the matter is not reviewable here. (*Bohn* v. *Bohn*, 164 Cal. 532 [129 P. 981]; *Brun* v. *Evans*, 80 Cal.App. 74 [251 P. 330]; *Chard* v. *O'Connell*, 48 Cal.App.2d 475 [120 P.2d 125].) It may be further observed, however, that appellant's notice of motion for change of venue and affidavit in support thereof failed to allege the essential facts. The witnesses were not named, and nothing was said

as to what facts would be testified to by any witness. While the appellant, on the stand, was allowed to state the names of several witnesses in Oakland who would testify if the trial were held there, and that their testimony would "describe the situation," no formal offer of proof was made as her counsel recognized that the motion for change of venue had already been denied. The appellant, who was present at the hearing, and two of her witnesses from Oakland, did testify as to the conditions in her home. No abuse of discretion appears.

■ Appellant's final contention is that the order changing custody was not sufficiently supported by the evidence. It would serve no useful purpose to review the evidence in detail. The appellant occupied a house in Oakland. Admittedly, the man whom she intended to marry when her divorce became final moved into the house about the first of January, 1954, and continued to live there up to the time of the hearing in this matter. She cooked the meals; shortly after he moved in she replaced the single bed she had previously used with a double bed; she had the boy taking lessons in Hebrew and taking part in religious classes in a Hebrew church, which he didn't like; and neither of his parents had previously been a member of that faith. The boy's testimony, which the court believed, disclosed a situation which could only be described as deplorable. The appellant argues that while the boy had always been truthful before, his testimony was untruthful because of the influence of his father during the 12-day period. However, the boy said essentially the same thing in a letter he wrote to his father nearly two months before he saw his father on April 10. While the appellant and her intended husband denied some of the facts testified to by the boy, the facts which they admitted disclosed an existing situation which was far from what it should have been if the moral and mental effect upon the boy were given any reasonable consideration. The explanation offered, that this situation was maintained for reasons of economy, was hardly sufficient in view of the admitted facts, and was not accepted by the court. The evidence was entirely sufficient to support the order made.

The order is affirmed.

Mussell, J., concurred.