[Civ. No. 17091. First Dist., Div. One. Apr. 15, 1957.]

WILLIAM MULLER, Appellant, v. CHARLES REAGH et al., Respondents.

William Muller, in pro. per., for Appellant.

Charles Reagh, in pro. per., for Respondents.

WOOD (Fred B.), J.—Plaintiff has appealed from an order transferring the cause to the municipal court upon the ground that the superior court lacks jurisdiction.

(1) *Does it appear from the complaint that the superior court lacks jurisdiction?*

The following are the significant allegations of the complaint:

According to the first count, defendant Lelah Muller converted four unexecuted forms, three agreement forms and one deed form. The three agreement forms have an "intrinsic" value of $150. The deed form has an "intrinsic" value of $10 and an "extrinsic" value of $13,000. Plaintiff has already been damaged to the extent of $1,000 in defendant's quiet title suit which Lelah Muller has brought against him predicated upon the use by her of said agreement forms and the deed form and that such damages will increase to an unascer-

tained amount, which plaintiff requests permission to insert in the complaint when ascertained. Defendant Reagh has participated in the institution and maintenance of the quiet title suit to the damage of plaintiff in the sum of $13,000. By reason of the premises plaintiff has suffered bodily and mental stress and has been unable to work and by reason thereof has already been damaged in the sum of $2,000 which damages will accrue and increase and plaintiff requests permission to insert the full amount thereof when ascertained. Plaintiff has suffered exemplary and punitive damages in the amount of $35,000. In the prayer he asks for $13,000 as general damages, $160 as special damages, $3,000 as compensatory, and $35,000 as exemplary and punitive damages.

In the second count plaintiff pleads fraud and deceit, incorporating by reference all of the allegations of the first count and alleging that Lelah obtained the deed form and the agreement forms from him by fraud and deceit. Here, he alleges that he is damaged in the sum of $13,160, the value of the unexecuted forms.

In the third count plaintiff pleads an action for claim and delivery of the four unexecuted forms. He alleges they are the value of $13,160.

Defendants support the order of transfer upon the theory that ''inspection of the complaint shows that by no stretch of the imagination could unexecuted forms be worth $13,000.00, no matter what the amount claimed as their value.'' That is not to say that no damages, not even nominal damages, might be recoverable for the tort allegedly committed. Nor does it signify that the item of $2,000, or some portion of it, might not be recoverable for the alleged bodily and mental stress allegedly suffered by the plaintiff.

Accordingly, actual damages in some amount are potentially recoverable. This brings into play the element of punitive damages. ''In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.'' (Civ. Code, § 3294.)     It follows, of course, that punitive damages are recoverable only in case actual damages are recovered, but that does not mean that for that purpose actual damages need be more than nominal. (*Foster* v. *Keating*, 120 Cal.App.2d 435, 455 [261 P.2d 529], and authorities there cited.)

█ Plaintiff alleges he has suffered punitive damages in the amount of $35,000. He might, conceivably, recover much less than that but who can say he has not pleaded a case for an amount sufficient to meet the jurisdictional requirements of the superior court?

It appears, therefore, that the plea of punitive damages when added to the plea of actual damages (however small the latter might be construed to be), brings the case within the jurisdiction of the superior court. █ The following significant observations were made in *Schwartz* v. *California Claim Service, Ltd.*, 52 Cal.App.2d 47, 56-57 [125 P.2d 883]: "While it would appear that we are viewing a small bird with an extraordinarily large tail, we think that the prayer for punitive damages of $5,000 must be regarded as an appendage of the demand of $50 as actual damages and that the complaint therefore stated sufficient facts to give the superior court jurisdiction. The rule is that jurisdiction depends upon the amount that is claimed in good faith, which implies that the court may disregard allegations of a pleading which have been made in obvious bad faith (*Becker* v. *Superior Court* (1907), 151 Cal. 313, 318 [90 P. 689]), but the single fact that a complaint may have a demand for exemplary damages in an amount which appears to the court to be out of all proportion to the gravity of the allegedly malicious acts of the defendants would not establish bad faith."

█ Moreover, it appears from the settled statement on this appeal that the determination that it lacked jurisdiction was made by the superior court "at the trial,"* a circumstance which pursuant to the fifth paragraph of section 396 of the Code of Civil Procedure gave that court authority to retain the cause and not transfer it to the municipal court. (*Wexler* v. *Goldstein*, 146 Cal.App.2d 410, 414-415, 416-417 [304

---

*In this regard the settled statement declares: ". . . the case came on for trial before a jury in said court, all necessary parties being present. During the first hour of said trial and during the voir dire examination of prospective jurors, counsel for the defendants, CHARLES REAGH, stated that he desired to make a motion to the court. Judge DeMATTEIS stated that he would hear the motion in his chambers at the first recess.

"Thereafter, at the first recess, in the absence of the jury and before the jury was impaneled, CHARLES REAGH moved that the case be transferred to the Municipal Court . . . on the ground that the Superior Court did not have jurisdiction to try the case because under the complaint on file herein no possible judgment could be obtained which was within the jurisdiction of the Superior Court . . . After argument thereon . . . the court ruled that it did not have jurisdiction . . ." and thereupon granted the motion for transfer.

P.2d 41].) Accordingly, even if the superior court's interpretation of the complaint had been correct, it would have had jurisdiction to proceed with the trial but of course would have had the authority, in the exercise of the legal discretion vested in it, to order a transfer.

██ Defendants question the appealability of the order of transfer, saying "the *place* of trial could hardly be said to be *changed* by moving the trial to another court sitting less than fifty feet away." They say there appears to be no California case in point and assert that plaintiff's remedy would be by writ of mandate, citing *Robinson* v. *Superior Court,* 35 Cal.2d 379 [218 P.2d 10]. True, the Supreme Court there entertained mandate even though it decided there was a remedy by appeal. It did so in view of the fact that until then there had been no certainty whether or not the order there in question was appealable. It does not follow that whenever there is uncertainty an aggrieved party must pursue mandate only.

It happens that our reviewing courts have upon occasion entertained appeals from orders like the order here involved, notably in these cases: *Weaver* v. *Pasadena Tournament of Roses Assn.* (1948), 32 Cal.2d 833 [198 P.2d 514], affirming a superior court order transferring a cause to a justice's court; *Roberts* v. *Western Pac. R.R. Co.* (1951), 104 Cal.App.2d 816 [232 P.2d 560], affirming an order transferring an action from the superior court in San Francisco to the municipal court of San Francisco (petition for a hearing by the Supreme Court denied, p. 821). It is true that in neither of these cases do we find a discussion of the appealability of the order. That might mean that such a question did not occur to the court or it may mean that the court considered the appealability of the order too clearly manifest to require comment. We think the latter is the correct view.

Whatever may have been the situation prior to 1933, since that date there can have been no serious doubt in view of the legislative changes made that year in section 397 of the Code of Civil Procedure. From 1872 until 1933 section 397 declared that "the court may . . . change the place of trial in the following cases: 1. When the county designated in the complaint is not the proper county; . . ." In 1933 "court" was substituted for "county" so that subdivision (1) of the section now reads "When the court designated in the complaint is not the proper court." That quite logically characterizes an order transferring a cause from one court to another (at least when predicated upon lack of jurisdiction in the former

and possession of jurisdiction in the latter) as "an order . . . changing . . . the place of trial" as used in section 963 of the code, and thus an appealable order. These are factors which, it would seem, were not brought to the attention of the court in *Arganbright* v. *Good,* 46 Cal.App.2d Supp. 877 [116 P.2d 186].

Plaintiff discusses at some length the question whether or not Lelah Muller, by filing an answer after the rendition of an order dismissing the complaint as to her, waived the dismissal and reentered the case as a party-defendant. However, that question is not pertinent to any of the issues upon this appeal.

The order is reversed.

Peters, P. J., and Bray, J., concurred.