[Civ. No. 17432.   First Dist., Div. Two.   July 29, 1957.]

MARK H. SEAVER, Respondent, v. CHARLES R. WAUHAB, Appellant.

Quaresma & Rhodes for Appellant.

Paul A. Brom for Respondent.

DRAPER, J.—Both plaintiff and defendant are licensed real estate brokers.  Plaintiff brought this action for declaratory relief and accounting, and had judgment for half the commissions collected by defendant upon sale of three parcels, together with half the commissions yet to be paid upon these sales.  Defendant appeals.

On conflicting evidence, the trial court found that in February or March, 1953, the parties agreed orally that respondent would introduce clients to appellant, and that if such clients purchased any properties through appellant the latter would pay respondent half the broker's commissions received thereon. Respondent introduced to appellant one Colvin, who was acting for undisclosed principals. In March and May, 1954, Colvin negotiated for and completed purchase of the three parcels here in issue. At time of escrow, the purchaser was revealed to be Heintz and Kaufman, Ltd., a corporation.

Shortly after the introduction of Colvin to appellant, the former negotiated for purchase of one of the parcels here involved. This purchase was not completed. At trial, Colvin testified that in these 1953 negotiations he was acting for a party other than Heintz and Kaufman, Ltd. The trial court, in addition to finding that Colvin was acting for undisclosed principals, found that he in fact acted for Heintz and Kaufman, Ltd. Appellant asserts that this finding is without support, in view of Colvin's admission that he was acting for another in the 1953 negotiations. But the case was tried on the theory that when Colvin was introduced to appellant he was, and was represented to be, an agent for undisclosed principals. The findings sustain this theory. Thus it is not material which undisclosed principal purchased the land. The effect of the agreement found by the court, and supported by substantial evidence, was that Colvin was but an instrumentality or conduit, and that purchases through him were to entitle respondent to half the commissions. It is undisputed that the ultimate sales were made through him. He handled the transactions as his own, until the time for naming the grantee of the deeds to be deposited in escrow. There is no question that he acted for the purchasers in all negotiations up to the actual execution of deeds. Thus appellant had the full benefit of the business produced through Colvin. In view of the finding that Colvin acted for an undisclosed principal, the further finding, to the extent that it can be construed to mean that he acted for Heintz and Kaufman, Ltd., in 1953, can be disregarded as surplusage. We find no authority directly in point. However, it has been held that minor variations between the agreement to share commissions and the ultimate agreement of sale are not fatal to recovery. (*West* v. *Visalia Abstract Co.*, 53 Cal.App. 467 [200 P. 351].)

Appellant also urges error in the trial court's denial of his motion to amend his amended answer to conform to

proof. This motion was filed more than two weeks after trial. In the amended answer, appellant had alleged an agreement to negotiate with respondent for division of commissions if a sale were made to Heintz and Kaufman, Ltd. The proposed amendment would have substituted Colvin for Heintz and Kaufman, Ltd., in this allegation. Denial of this motion was entirely justified. Such motions are addressed primarily to the discretion of the trial court. (*Brun* v. *Evans*, 80 Cal.App. 74 [251 P. 330].) Colvin directly testified that he at no time acted for himself as purchaser. The findings adopt this view. Thus the proposed amendment did not conform to the proof as the court viewed it. In any event, appellant was in no way limited in his proof by the allegations of the answer upon which the case was tried. Thus he was not prejudiced by denial of his motion to amend. (*Phenegar* v. *Paolini*, 27 Cal. App. 381, 392 [149 P. 1008].)

Appellant's remaining assignments of error are the denial of his motion for nonsuit and his motion for new trial, and refusal to accept his proposed amendments to the findings. These contentions are, in substance, but repetitions of the arguments disposed of in the foregoing discussion. In the light of the conclusions already expressed, we cannot accept appellant's view.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.