[Civ. No. 7828.   Fourth Dist., Div. Two.   Aug. 3, 1966.]

J. DAVID HENNIGAN et al., Plaintiffs and Respondents, v. IRVING N. BOREN, Defendant and Appellant.

Hirsch & Susman, Hirsch, Susman, Glushon & Gelfand, Alvin Hirsch, Eugene E. Glushon, Rich & Eyer and Mitchel J. Eyer for Defendant and Appellant.

Hennigan, Ryneal & Butterwick and J. D. Butterwick for Plaintiffs and Respondents.

KERRIGAN, J.—In March 1962 plaintiffs instituted a corollary action to recover money damages against Pacific Coast Title Insurance Company in the Superior Court of the County of Riverside, and caused the bank account of the title company to be levied upon pursuant to a writ of attachment. Following the levy, defendant and an associate executed a personal undertaking and bond for release of the funds held under attachment, and the personal bond was substituted as security in lieu of the bank account. In April 1963 plaintiffs obtained a judgment against the title company for principal, interest, and court costs due plaintiffs by the firm. The title company was evidently insolvent and plaintiffs initiated execution proceedings against the Insurance Commissioner of the State of California as liquidator of the title company, and the execution was returned unsatisfied. Plaintiffs then made demand upon the defendant and his cosurety for payment of the judgment and payment was not effected.

In June 1963 this action was instituted in the Superior Court of Riverside County to recover money damages from the defendant and his cosurety on the basis of the attachment release undertaking executed by defendants on behalf of the title company.

Defendant Boren was served with the complaint and appeared in the action, but apparently his cosurety was never served and is not involved as a party on appeal.

On September 16, 1963, defendant Boren, acting through his counsel, filed a notice of motion for order for change of venue on the ground that he was a resident of Los Angeles County. However, he failed to file a demurrer or answer simultaneously with the filing of the motion for change of venue, as required by Code of Civil Procedure, section 396b. The motion for change of venue was scheduled for hearing on September 27, 1963, but a continuance of the hearing on the venue motion was granted to October 11, 1963. On October 1, 1963, defendant's verified answer to the complaint was filed.[1] Subsequently, on November 8, 1963, defendant's motion for change of venue on grounds of "wrong court" was heard and denied

---

[1]Defendant also moved for a change of venue to Los Angeles County on October 8, 1963, on the ground of convenience of witnesses (Code Civ. Proc., § 397, subd. 3) which relief was denied by the trial court. However, defendant does not appeal from the order denying venue change on said ground.

by reason of defendant's failure to comply with the provisions of Code of Civil Procedure, section 396b.

In November 1963 defendant, pursuant to Code of Civil Procedure, section 473, filed a notice of motion to vacate the order denying the motion for change of venue because of "wrong court" and maintained that he had failed to file the motion for change of venue and his answer simultaneously by reason of the neglect of his attorney's secretary. In January 1964 a hearing was held on the motion to vacate, the motion was submitted for decision, and on February 26, 1964, the motion to vacate the order denying defendant's motion for change of venue was likewise denied. In March 1964 defendant filed a notice of appeal from the order denying his motion to vacate the order denying motion for change of venue. Thereafter, on March 11, 1964, defendant petitioned this court for writ of mandate, seeking a change of venue to Los Angeles County, but mandate was denied for failure to file the petition within the time prescribed by Code of Civil Procedure, section 400. Subsequently on March 26, 1964, defendant petitioned this court for a writ of supersedeas, which petition was likewise denied. On the same date of March 26, 1964, the case was called for trial and defense counsel made a special appearance for the sole purpose of obtaining a continuance, which motion was denied. Defense counsel then withdrew, indicating that he would not proceed to trial as he did not intend to waive his client's rights respecting venue, whereupon the trial ensued and judgment was rendered in favor of the plaintiffs in the sum of $15,732.05, which judgment was entered on April 21, 1964.

Defendant appeals from the order denying his request to vacate the order denying the change of venue, and likewise appeals from the judgment. The issues to be determined may be defined as follows:

1. Whether mandamus is the sole and exclusive procedure for obtaining appellate review of an order denying a motion for change of venue, or whether an appeal from the order denying motion for change of venue was proper;

2. Whether there is a right of appeal from an order made pursuant to Code of Civil Procedure, section 473, denying a request to vacate an order denying a change of venue;

3. Whether the trial court abused its discretion in denying defendant relief pursuant to the provisions of Code of Civil Procedure, section 473.

Prior to the year 1961, an order changing or refusing to change the place of trial was an appealable order. (*Harris* v.

814

*Alcoholic Bev. Control etc. Board,* 197 Cal.App.2d 759 [18 Cal.Rptr. 151] ; *Brun* v. *Evans,* 80 Cal.App. 74 [251 P. 330].) In 1961 the Legislature recognized the necessity of providing a speedier procedure for review of venue orders and deleted the provision allowing an appeal from an order granting or denying a change of venue authorized by Code of Civil Procedure, section 963, and enacted Code of Civil Procedure, section 400, which permits review by writ of mandamus of an order of the superior court granting or denying a motion for change of venue. (Witkin, Cal. Procedure, 1965 Supp., Actions, § 253, p. 308.)[2]

Section 400, Code of Civil Procedure, provides as follows: "When an order is made by the superior court granting or denying a motion to change the place of trial, the party aggrieved by such order may, within 10 days after service of a written notice of the order, or within such additional time not exceeding 20 days as the court may within the original 10 days allow, petition the district court of appeal for the district in which the court granting or denying the motion is situated for a writ of mandate requiring trial of the case in the proper court. The petitioner shall file a copy of such petition in the trial court immediately after the petition is filed in the district court of appeal. The district court of appeal may stay all proceedings in the case, pending judgment on the petition becoming final. The clerk of the district court of appeal shall file with the clerk of the trial court, a copy of any final order or final judgment immediately after such order or judgment becomes final."

Mandate is the appropriate remedy to obtain relief from an order granting or denying a motion for change of venue. (*Laurel Crest, Inc.* v. *Superior Court,* 235 Cal.App.2d 69 [44 Cal.Rptr. 867] ; *Henson* v. *Superior Court,* 218 Cal. App.2d 327 [32 Cal.Rptr. 404].) The history of the legislative change in abolishing the right of appeal from an order granting or denying a venue change, as contained in Code of Civil Procedure, section 963, and the enactment of Code of Civil Procedure, section 400, establishing the mandamus procedure, reflects that under the prior law making the order appealable, venue appeals were time-consuming and resulted in substantial

[2]A few cases were decided after the year 1961 on a direct appeal from order granting or denying a change of venue where the appeal was filed prior to the enactment of Code Civ. Proc., § 400. (*Pascoe Steel Corp.* v. *Pozun Bros., Inc.,* 205 Cal.App.2d 762, 763 [23 Cal.Rptr. 540]; *Sure-Grip Skate Wheel Co., Inc.* v. *Bergin,* 208 Cal.App.2d 562, 563 [25 Cal.Rptr. 413].)

delay. California was among the small minority of states allowing an appeal from venue orders. The mandate procedure is more expeditious and provides for a direct review. (38 State Bar J. 664, 665; 36 State Bar J. 706, 707.)

An appeal will not lie from an order denying a change of venue by reason of the amendment of Code of Civil Procedure, section 963, inasmuch as mandamus is the proper remedy pursuant to the enactment of Code of Civil Procedure, section 400. (*Adams* v. *Superior Court,* 226 Cal.App.2d 365 [38 Cal.Rptr. 164].)

█ The right of appeal is wholly statutory and no judgment or order is appealable unless expressly authorized by the Constitution or statute. (*In re Brekke,* 233 Cal.App.2d 196 [43 Cal.Rptr. 553]; *Title Insurance & Trust Co.* v. *California Development Co.,* 159 Cal. 484 [114 P. 838]; *Collins* v. *Corse,* 8 Cal.2d 123 [64 P.2d 137].)

The issue thus arises, where an order denying a motion for change of venue is not appealable, whether there is a right of appeal from an order made pursuant to Code of Civil Procedure, section 473, denying a motion to vacate an order denying change of venue.

█ When a judgment or order is not appealable, it cannot be made reviewable by the simple device of moving to set it aside and appealing from an order denying the motion inasmuch as a party is prohibited from doing indirectly what he may not do directly. (*Spellens* v. *Spellens,* 49 Cal.2d 210, 228 [317 P.2d 613].) █ Conversely, where an order is appealable and a motion is submitted under Code of Civil Procedure, section 473, to vacate the order, an appeal will lie from the court's order denying the motion under Code of Civil Procedure, section 473. (*Spellens* v. *Spellens, supra*; *Litvinuk* v. *Litvinuk,* 27 Cal.2d 38 [162 P.2d 8].) █ Because no appeal will lie from an order denying a motion for change of venue, defendant may not appeal from the order denying his motion to vacate the venue order.

The remaining issue to be resolved is whether the trial court abused its discretion in denying the motion to vacate the prior order. █ The purpose of Code of Civil Procedure, section 473, is to relieve a party from an order by reason of mistake, inadvertence, or excusable neglect and to permit disposition of cases upon their substantial merits, and to provide a party claiming in good faith that he has a substantial cause of action or a valid defense thereto an opportunity to present his claim or defense. (*Estate of Strobeck,* 111 Cal.App.2d 853 [245 P.2d

317] ; *Starkweather* v. *Minarets Mining Co.*, 5 Cal.App.2d 501 [43 P.2d 321].)

Code of Civil Procedure, section 396b, provides, *inter alia,* as follows: ". . . if an action . . . is commenced in a court having jurisdiction of the subject-matter thereof, other than the court designated as the proper court for the trial thereof, . . . the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, files with the clerk . . . an affidavit of merits and notice of motion for an order transferring the action . . . to the proper court. . . ."

■ It is the general rule that a motion for change of venue on the ground that defendant's place of residence is located in another county must be filed at the time defendant demurs or answers. (*Witter* v. *Phelps*, 63 Cal. 655, 658 [126 P. 593] ; *McNeill & Co.* v. *Doe*, 163 Cal. 338, 340 [125 P. 345] ; *Wadleigh* v. *Phelps*, 147 Cal. 541 [82 P. 200].)

Failure to move for change of venue on the ground of residence at the time of demurrer or answer constitutes a *waiver* of the right to have venue changed. (*Cook* v. *Pendergast*, 61 Cal. 72; *Wadleigh* v. *Phelps, supra,* 147 Cal. 541; cf. *Lyons* v. *Brunswick-Balke-Collender Co.*, 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173].)

■ The determination of the trial court as to diligence of counsel in presenting an application for change of venue will not be set aside except for an abuse of discretion. (*Davison* v. *Gentry,* 136 Cal.App. 423, 428, 429 [29 P.2d 266].) ■ The trial judge herein did not abuse his discretion in denying the motion to vacate the prior order inasmuch as the court could have reasonably concluded that defense counsel was not cognizant of the procedural requirements which provided that an answer or demurrer be filed simultaneously with the motion for change of venue based on "wrong court" grounds. The trial judge conducted a full hearing for the purpose of determining whether excusable neglect existed and had the opportunity to judge the credibility of witnesses, including defense counsel and his secretary, and weigh the testimony presented, and acting within the realm of sound discretion, could have reasonably concluded that counsel had not acted with due diligence in making the motion for change of venue. (*Davison* v. *Gentry, supra.*)

■ Where an appeal is taken from a nonappealable order, the reviewing court has no alternative except to dismiss the appeal. (*Efron* v. *Kalmanovitz,* 185 Cal.App.2d 149, 152 [8

Cal.Rptr. 107] ; *Olmstead* v. *West*, 177 Cal.App.2d 652, 654-655 [2 Cal.Rptr. 443].)

Plaintiffs heretofore filed a motion to dismiss the appeal from the judgment and by reason of the fact that defendant has attempted to appeal from a nonappealable order and previously elected to withdraw from litigating the case on the merits in the trial forum, no justiciable issue has been presented on appeal from the judgment.

Attempted appeal from the order is dismissed; appeal from the judgment is dismissed.

McCabe, P. J., and Tamura, J., concurred.

On September 2, 1966, the judgment was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied September 28, 1966.