[Civ. No. 34775.   Second Dist., Div. Two.   Oct. 1, 1969.]

SHELDON MILLIKEN et al., Plaintiffs and Appellants, v. ROBERT A. GRAY, Defendant and Respondent.

William E. Fox for Plaintiffs and Appellants.

Meserve, Mumper & Hughes for Defendant and Respondent.

ALARCON, J. pro tem.[*]

## FACTUAL BACKGROUND

On January 26, 1968, the appellants filed a complaint for damages based on a contractual obligation in the Municipal Court of the Pasadena Judicial District.

On February 10, 1969, the respondent filed a notice of motion to transfer this matter to the superior court on the grounds that the complaint seeks damages in an amount beyond the jurisdiction of a municipal court. On February 19, 1969, the trial court granted the respondent's motion to transfer. On February 24, 1969, the appellants filed a notice of appeal with the Appellate Department of the Superior Court for Los Angeles County from the order of the municipal court transferring this cause to the superior court for trial.

The respondent filed a motion before the appellate department of the superior court to dismiss the appeal on the grounds that an order transferring a matter from the municipal court to the superior court on subject matter jurisdictional grounds is non-appealable.

On June 9, 1969, the Appellate Department of the Superior Court for Los Angeles County denied the motion to dismiss the appeal and certified the matter to this court pursuant to rule 63(a).[1]

## LEGAL ISSUE

Is an order transferring a matter from the municipal court to the superior court on the ground that the complaint prays for an amount in excess of the former's statutory jurisdiction reviewable on appeal?

## DISCUSSION

The right of appeal is wholly statutory. No judgment or order can be appealed unless the right of appeal is expressly authorized by the Constitution or by statute (*Hennigan* v. *Boren*, 243 Cal.App.2d 810, 815 [52 Cal.Rptr. 748]; see also

---

[*]Assigned by the Chairman of the Judicial Council.

[1]Rule 63(a) provides: ''The superior court on application of a party or on its own motion may certify that the transfer of a case to the Court of Appeal appears necessary to secure uniformity of decision or to settle important questions of law. . . .''

*Title Ins. & Trust Co.* v. *California Dev. Co.,* 159 Cal. 484, 486 [114 P. 838].)

Section 904.2 of the Code of Civil Procedure specifies the types of municipal court judgments or orders which can be reviewed on appeal. Section 904.2 provides as follows: "An appeal may be taken from a municipal court in the following cases:

(a) From a judgment, except (1) an interlocutory judgment, or (2) a judgment of contempt which is made final and conclusive by Section 1222;

(b) From an order made after a judgment made appealable by subdivision (a);

(c) From an order changing or refusing to change the place of trial;

(d) From an order granting a motion to quash service of summons;

(e) From an order granting a new trial or denying a motion for judgment notwithstanding the verdict;

(f) From an order discharging or refusing to discharge an attachment;

(g) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction;

(h) From an order appointing a receiver;

(i) From a judgment of the small claims court as provided in Chapter 5A (commencing with Section 116), Title 1, Part 1 of this code."

An order transferring an action from the municipal court to the superior court for the reason that the municipal court lacks jurisdiction over the subject matter is not expressly authorized by section 904.2.

The appellants contend that an order transferring a cause on subject matter jurisdictional grounds is "an order changing . . . the place of trial" and therefore an appealable order within subdivision (c) of section 904.2.

Critical to the resolution of the question presented to us is a resolution of the meaning of the words "place of trial" as used in subdivision (c) of section 904.2.

The respondent relies on the case of *Arganbright* v. *Good* (1941) 46 Cal.App.2d Supp. 877 [116 P.2d 186]. In *Arganbright* v. *Good, supra,* the court held that a statute expressly authorizing the right to appeal from "an order changing or refusing to change the place of trial" does not include the right to appeal from an order transferring or refusing to transfer a cause from the municipal court to the superior

court where the motion in the court in which the complaint was filed is predicated on a lack of jurisdiction. In so ruling, the court construed the term ''place of trial'' as synonymous with ''venue'' and thereby restricted subdivision (c) of section 904.2 to appeals from an order changing or refusing to change venue.

In *Muller* v. *Reagh* (1957) 150 Cal.App.2d 99 [309 P.2d 826], the court reached a contrary conclusion. In *Muller, supra,* the reviewing court held that an order transferring a cause from the superior court to the municipal court was an appealable order and was encompassed within the express statutory authorization for an appeal from an order changing or refusing to change the place of trial. At the time the *Muller* case was decided subdivision 2 of section 963 permitted an appeal from an order of the superior court changing or refusing to change the place of trial.

The *Muller* court arrived at the conclusion that an order transferring or refusing to transfer a matter from the superior court to the municipal court was appealable based on its construction of section 397. Prior to 1933 section 397 provided that ''the court may . . . change the place of trial in the following cases: 1. When the county designated in the complaint is not the proper county; . . .'' In 1933 the word ''court'' was substituted for county in subdivision 1. The *Muller* court concluded that by making this change ''that quite logically characterizes an order transferring a cause from one court to another (at least when predicated upon lack of jurisdiction in the former court and possession of jurisdiction in the latter) as 'an order . . . changing . . . the place of trial' as used in section 963 of the code, and thus an appealable order.'' We disagree with this interpretation of section 397 on the following grounds:

One. Section 396 authorizes a transfer of an action from a court lacking jurisdiction of the subject matter to a court which has such jurisdiction. When such a transfer occurs the court designated in the complaint is not the ''proper'' court insofar as the name of the court (justice, municipal, or superior) and the jurisdiction of the court.

Two. If subdivision 1 of section 397 of the Code of Civil Procedure is construed as authorizing a transfer of an action from the court designated in the complaint which lacks jurisdiction over the subject matter to a court which has such jurisdiction, then subdivision 1 of section 397 merely repeats that which is already authorized by section 396. Such an in-

terpretation renders subdivision 1 of section 397 (as amended in 1933) totally redundant and a meaningless exercise.

Section 4 of the Code of Civil Procedure imposes upon us the duty to liberally construe the provisions thereof "with a view to effect its objects and to promote justice." It is our view that in amending subdivision 1 of section 397 the Legislature intended to authorize a change of the place of trial from the court designated in the complaint to a court in a different geographical location (within or without the county) possessing the same subject matter jurisdiction as the trial court improperly designated.

Our construction of the term "proper court" is compatible with the manner in which these words are employed in subdivision (2) of section 395. There the code provides the "proper" municipal or justice court for the trial of an action is that municipal or justice court having jurisdiction over the subject matter in which the defendant resides, or the injury to person or property occurred, or where the obligation was contracted to be performed. Thus, the proper court for an action for damages in the amount of $2,500 for breach of a contract to be performed in Alhambra and where the defendant also resides in Alhambra is in the municipal court for Alhambra Judicial District. If the plaintiff erroneously designates the municipal court for the Pasadena Judicial District as the place for trial, the Pasadena Municipal Court, may, under subdivision 1 of section 397 transfer the cause to the Alhambra Municipal Court.

An examination of the remaining subdivisions of section 397 discloses that in each one, the term place of trial is used to mean a change of "venue" rather than a transfer of "jurisdiction."

*Muller* v. *Reagh, supra,* was decided in 1957. In 1961 the Legislature repealed section 963 of the Code of Civil Procedure. Section 904.1 of the Code of Civil Procedure now sets forth the types of superior court judgments and orders which can be appealed. Subdivision 2 of section 963 which was relied upon by the court in *Muller* v. *Reagh, supra,* was omitted from section 904.1. Therefore, under the present law an order of the superior court changing or refusing to change the place of trial is not an appealable order, since no order or judgment is appealable unless expressly authorized by statute (*Hennigan* v. *Boren,* 243 Cal.App.2d 810, 815 [52 Cal.Rptr. 748]). Under section 400 of the Code of Civil Procedure (also enacted in 1961), an order of the superior court granting or

denying a motion to change the place of trial is reviewable solely by a writ of mandate (*Hennigan* v. *Boren,* 243 Cal. App.2d 810, 815 [52 Cal.Rptr. 748]). Thus, the Legislature has nullified the actual holding in *Muller* v. *Reagh, supra,* insofar as the appealability of transfers from the superior court to the municipal court. However, if; despite the action of the Legislature, *Muller* v. *Reagh, supra,* can be said to have any present vitality as authority for the proposition that the language ''an order changing or refusing to change the place of trial'' as used in section 904.2 concompasses an order transferring or refusing to transfer a cause from the superior court to the municipal court, we disagree.

Historically the term ''place of trial'' has been used synonymously with ''venue'' to denote the geographical location and political subdivision within which is situated the courthouse which will hear the cause (92 C.J.S. 667). ''Venue'' or ''place of trial'' refers to the place from which the jury is summoned (51 Cal.Jur.2d 6). ''Place of trial'' does not refer to the judge or the particular trial court (justice, municipal, or superior) which has ''jurisdiction'' over the subject matter of the action. ''Jurisdiction'' refers to the power to decide a case on the merits (*Pacific States Sav. & Loan Co.* v. *Superior Court,* 217 Cal. 517, 521-522 [19 P.2d 977]; *In re Chandler,* 36 Cal.App.2d 583, 585 [97 P.2d 1048]; *Arganbright* v. *Good,* 46 Cal.App.2d Supp. 877, 878 [116 P.2d 186]).

We can find no reason to depart from the commonly accepted meaning given to the term ''place of trial.'' Accordingly, we hold that, in the absence of express statutory or constitutional authority, no appeal can be taken from an order transferring a cause from the municipal court to the superior court because of the jurisdictional amount alleged in the pleadings. We construe, subdivision (c) of section 904.2 of the Code of Civil Procedure as authorizing an appeal from an order of the municipal court changing or refusing to change venue from one court with jurisdiction of the subject matter of the action to another court in a different locality with the same ''jurisdiction'' or power to decide the matter on the merits.

This matter is remanded to the appellate department of the superior court with instructions to dismiss the appeal.

Fleming, Acting P. J., and Wright, J., concurred.