[Civ. No. 36141. Second Dist., Div. Five. June 26, 1970.]

JOSEPH DUNAS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent; WILBUR H. MAXWELL et al., Real Parties in Interest.

## COUNSEL

Lipofsky & Schulman, Louis A. Lipofsky and Barry A. Schulman for Petitioner.

No appearance for Respondent.

Waldron & Bryant, Robert F. Waldron and Kenneth A. Bryant for Real Parties in Interest.

## OPINION

SELBER, J.*—Petitioner seeks mandamus to compel the respondent Superior Court of Los Angeles County to vacate its order of February 20, 1970, by which said court, upon a motion for reconsideration, reaffirmed its earlier order granting a motion for change of venue, and to require said court to deny the motion for change of venue to Orange County.

*Assigned by the Chairman of the Judicial Council.

The record shows that a first amended complaint for specific performance was filed in respondent court on October 14, 1969, by petitioner Joseph Dunas against Wilbur H. Maxwell, Frances J. Maxwell, Stewart Title Company of Orange County, and several Does. It is alleged therein that plaintiff entered into a contract to purchase certain real property, the agreements being embodied in a certain escrow held by defendant title company, that the matter went into escrow, and that defendants defaulted and refused to convey the property to plaintiff. On December 2, 1969, defendants Maxwell filed a demurrer to the complaint and a motion for change of venue to Orange County, upon the grounds that "(1) The County of Orange, being the residence of said defendants at the commencement of this action, is the proper County for the trial of this action (C.C.P. 395); (2) The contract sued upon was entered into in Orange County and was to be performed there (C.C.P. 395); and (3) The convenience of witnesses and the ends of justice would be promoted by changing the venue to the County of Orange (C.C.P. 397(3))." The motion was opposed upon the ground that the action is one to compel the conveyance of real property located in Los Angeles County and therefore the action was properly commenced in Los Angeles County under the provisions of section 392, Code of Civil Procedure. The motion for change of venue was granted by respondent court on December 9, 1969. Counsel for defendants mailed notice of this ruling to petitioner's counsel on December 19, 1969.

On December 30, 1969, petitioner noticed a motion "for reconsideration" of the December 9 order granting the change of venue. It is stated therein that the motion "will be based upon this notice of motion, declaration of merits and of the facts supporting the motion, and a memorandum of points and authorities in support of the motion attached hereto and upon all of the pleadings on file in the within case." Said "declaration" is not signed, nor is it made under penalty of perjury. A reading of said documents and the supporting points and authorities shows that the motion was simply an attempt to relitigate the merits of the matter. It was but a further attempt to convince the trial court that the action was one for recovery of real property and thus properly triable in Los Angeles County. The motion does not purport to be one under section 473 of the Code of Civil Procedure. There are no allegations of mistake, inadvertence, surprise or excusable neglect; no claim is made that petitioner was not given an opportunity to fully present his case at the prior hearing.

On February 20, 1970, respondent court granted petitioner's motion to reconsider and, upon such reconsideration, again ruled that the cause be transferred to Orange County. Notice to this effect was mailed by counsel for defendants on February 27, 1970. The within petition, seeking a writ

of mandate pursuant to the provisions of section 400, Code of Civil Procedure, was filed on March 6, 1970.

It is our conclusion that, under the circumstances of this case, there is no recognized procedure for petitioner's motion to "reconsider" and, accordingly, respondent court acted in excess of its jurisdiction in entertaining and ruling upon said motion.

■ The appropriate method to obtain relief from an order granting or denying a motion for change of venue is a petition for a writ of mandate pursuant to the provisions of section 400, Code of Civil Procedure. (*Hennigan* v. *Boren,* 243 Cal.App.2d 810, 814 [52 Cal.Rptr. 748].) Said section provides that "within 10 days after service of written notice of the order, or within such additional time not exceeding 20 days as the court may within the original 10 days allow" the party aggrieved may petition the court of appeal for a writ of mandate requiring trial of the case in the proper court. Notice of the granting of the original motion for change of venue in the instant case was served upon petitioner, through his attorney, by mail on December 19, 1969. He had 10 days within which to petition this court for a writ of mandate but, instead of following this procedure, petitioner noticed a motion for reconsideration. Insofar as the order of December 9, 1969, is concerned, the within petition for mandate under section 400 was not timely filed. The question remains whether petitioner may invoke the remedy provided by section 400 with regard to the order of February 20, 1970 made upon reconsideration.

■ There is no statutory authority for a motion for "reconsideration." In *San Francisco Lathing, Inc.* v. *Superior Court,* 271 Cal.App.2d 78, 80-81 [76 Cal.Rptr. 304], the court states: "Initially, we note that a motion for new trial does not lie to secure a reexamination of the decision of a motion (*Gray* v. *Cotton,* 174 Cal. 256, 258 [162 P. 1019]; *Harper* v. *Hildreth,* 99 Cal. 265, 270 [33 P. 1103], and that in the technical sense there is no authority in the code for a motion for reconsideration. The motion to reconsider the decision on a motion has, however, been recognized by the appellate courts in limited situations. Thus, appellate courts have always recognized that a court has power, on a subsequent motion, to reconsider its prior decision *denying* a similar motion. [Citations.] In such cases the subsequent motion is considered as a *renewal* of the previous motion. [Citations.] This principle is also expressed in Code of Civil Procedure section 1008 permitting the *renewal* of a motion after it has been *denied* on its merits, but permitting a court to refuse to consider a new motion supported by substantially the same showing as the one denied. [Citations.]

"The motion to reconsider has also been recognized by the reviewing courts where it is in the nature of a motion seeking relief under the pro-

visions of Code of Civil Procedure section 473 which provides, in pertinent part, that 'The court may, upon such terms as may be just, relieve a party . . . from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect . . .' [Citation.] Except for this situation, however, no case or statute has been cited to us or found by our independent research which permits a motion to reconsider the *granting* of a motion previously made."

 Since the original motion herein was that of defendants and it was *granted,* petitioner's motion to reconsider obviously was not a renewal of that motion. (Code Civ. Proc., § 1008.) As above stated, said motion did not purport to be made, and stated no grounds for relief, under the provisions of section 473, Code of Civil Procedure.[1] It was clearly an attempt by petitioner to relitigate the merits and to have corrected what he felt was judicial error. It is a well settled rule of law that judicial error occurring in the rendition of orders which is the result of an exercise of judicial discretion may not be corrected except by statutory procedure. (*Stevens* v. *Superior Court,* 7 Cal.2d 110, 112 [59 P.2d 988]; *Maxwell* v. *Perkins,* 116 Cal.App.2d 752, 755 [255 P.2d 10].) There being no recognized procedure authorizing the motion made in the instant case, respondent court was without power to reconsider the matter and its order of February 20, 1970, was a nullity.

Since petitioner did not seek appropriate and timely relief from the only effective order made, i.e., the order of December 9, 1969, granting the motion for change of venue, he has lost the right to a review upon the merits.

The alternative writ is discharged. The petition for writ of mandate is denied.

Stephens, Acting P. J., and Reppy, J., concurred.

---

[1]In *Badella* v. *Miller,* 44 Cal.2d 81, 86 [279 P.2d 729], a case upon which petitioner relies, the court determined that it was a proper case for application for relief under section 473, Code of Civil Procedure. It is there stated that the court which grants a motion for change of venue is not precluded from considering "a motion to vacate such order *made according to some recognized procedure and on some recognized ground.*" (Italics added.)